STATE *ex rel.* WEBSTER, Relator, *v.* JAMES K. KNIGHT, CIRCUIT JUDGE, Respondent.

| 46 | 83 |
|----|-----|
| 97 | 347 |
| 46 | 83 |
| 98 | 561 |
| 46 | 83 |
| 121 | 67 |

1. *Mandamus — Verdict — Costs — Surplusage — New trial.* — A verdict in these words, "We, the jury, find for the defendants, they to pay the costs of this suit," is a good and complete verdict.   That part of it relating to the costs was merely void, and should have been regarded as surplusage.   A circuit judge refusing to receive such a verdict may be compelled to do so by proceedings in *mandamus.*   But plaintiffs in the suit will have leave to file their motion for a new trial in the same manner as if the verdict had been received and entered at the proper time.

*Petition for mandamus.*

*E. W. Pattison,* and *Rankin & Hayden,* for relator.

The verdict was a good one, and should have been recorded; and in entering judgment upon it the surplusage should have been stricken out, leaving that part which was a verdict upon the issue submitted to the jury.   (1 Graham & W. on New Trials, 136, and cases cited; 8 Bac. Abr. 116, and cases cited; 16 Johns. 307.)

State ex rel. Webster, relator, v. Knight, Circuit Judge.

*Hitchcock & Lubke*, for respondent.

I. The verdict alleged by relator is no verdict at all, or if it is to be treated as a verdict, it was not sensible, consistent, or responsive to the issue. (*a*) The verdict was not sensible or consistent in that the jury say "we find for the defendants, *they*," etc., the fact being that there were two plaintiffs and one defendant, so that it was impossible to say whether the jury intended to find for the plaintiffs, "they" to pay the costs, or the defendant, "he" to pay the costs. The jury may have mistaken the designation of the parties to the suit before the court. (*b*) It was not responsive to the issues in that the jury failed to find the value of the property in controversy, which they ought to have done if they intended to find for the defendant; and it was not responsive to the issues in that it was conditional as to the payment of costs. (1 Wagn. Stat. 343, § 6; State v. Ostrander, 30 Mo. 13.) The supposed verdict was clearly within the exceptions stated in the opinion of this court in State *ex rel.* Nicholson v. Rombauer, 44 Mo. 594.

II. Even if this court should see fit to grant the peremptory writ, it should not require the respondent to enter up the verdict as of the 22d of December, A. D. 1869, because the plaintiffs will be injured in their right to file a motion for a new trial, the December term of the Circuit Court — the term at which the trial was had — having passed.

WAGNER, Judge, delivered the opinion of the court.

This is a petition asking that a writ of *mandamus* may be issued against the respondent, who is one of the judges of the St. Louis Circuit Court, to compel him to receive a verdict rendered by a jury. It seems that there was a case pending in said court wherein Smith and others were plaintiffs, and Webster, the relator, was defendant, in which the jury returned the following verdict: "We, the jury, find a verdict for defendants, they to pay the costs of this suit." This verdict the respondent refused to receive, and discharged the jury. The refusal, it appears, was based on the fact that the jury assessed costs against the defendant when

at the same time they found in his favor. In this they erred and went beyond their power, as our statute declares that in all civil actions and proceedings of any kind the party prevailing shall recover his costs against the other party, except in those cases in which a different provision is made by law.

The jury found for the defendant; the verdict was good and complete. The matter of costs was not in issue, and was not submitted to them. That part of their verdict, therefore, was merely void, and should have been disregarded as surplusage. The writ will issue, but the plaintiffs in the suit will have leave to file their motion for a new trial in the same manner as if the verdict had been received and entered at the proper time.

Peremptory writ ordered. The other judges concur.