## J. C. MUNKERS, *et al.*, v. JOHN H. WATSON, *Judge, &c.*

MANDAMUS; *Receiving Verdict.* Where in the trial of a cause a verdict is agreed upon by the jury and reduced to writing in due form, and brought into court by the jury, it is the duty of the court to receive and enter the verdict; and for a refusal so to do, the writ of mandamus is an appropriate remedy, and the only one that affords adequate relief.

*Original Proceedings in Mandamus.*

AT the April Term 1871 of the Morris county district court, *Hon. John H. Watson,* judge of the Fifth District, presiding, an action pending in said court, wherein *J. C. Munkers* and *W. R. Terwilliger* were plaintiffs, and the M. K. & T. Railway Co. was defendant, came on for trial. A jury was impanneled and sworn, the evidence taken, the cause submitted to the jury, and a verdict agreed upon and returned into court in favor of the plaintiffs. The verdict being imperfect, the jury were directed by the court to retire and correct it. They did so. In their absence the court was advised by defendant's counsel that two of the jurors were biased and prejudiced against the Railway Company, and on their return the judge satisfied himself that said two jurors were so prejudiced; and without receiving their verdict dis-

charged the jury. *Munkers* and *Terwilliger* filed their petition in this court for a writ of mandamus to compel *Judge Watson* to receive said verdict, etc. An alternative suit was allowed. *Judge Watson.* made answer, admitting the facts as alleged, but said that he had so discharged said jury, because of said bias and prejudice on the part of two of their number, and "in his judicial capacity, and in the exercise of a lawful judicial discretion." On the in-coming of said answer, the plaintiffs moved for peremptory writ.

*McClure & Humphrey*, for plaintiffs:

1. The jury found a verdict for the plaintiffs, a fact which is both admitted and proven. The defendant, acting as judge, arrested the regular course of the proceeding upon the mere suggestion of counsel, and refused to receive the verdict from the jury, have it entered of record, and enter judgment upon it. Was the judge justified in pursuing this extraordinary course? The jurors upon their *voir dire*, the judge states, answered that they were not conscious of any prejudice or cause of prejudice towards the defendant. There is no evidence that the verdict of the jury was unjust, nor that the railroad company was prevented from having a fair and impartial trial.

2. There was not sufficient before the court to have enabled the court to have granted a new trial upon the reception of the verdict. The peculiar proceeding which the judge instituted, at the mere suggestion of counsel, was a proceeding which has no warrant in the statutes. Neither was it based on any legal grounds. It was essentially a proceeding *coram non judice*, and void.

3. Had the verdict been received and a new trial granted upon the slight evidence which furnished a pretext for this proceeding, the plaintiffs would have had a clear legal right to have had it set aside on a proceeding in error, and to have had judgment entered on the verdict. The plaintiff was deprived of this right by the extraordinary and extra-judicial action of the judge; and mandamus is the proper remedy. Moses on Mand., 46.

*Gillpatrick & Gilbert,* for defendant:

1. This court has no power to enjoin the judge to do what he has no power to do without such a mandate. It can only compel him to do that which he ought to do without compulsion. The judge of the district court has no authority to enter a verdict out of term, nor at a subsequent term, nor in the absence of the jury. Civil code, §§ 283, 284. The jury must be conducted into court, their names called by the clerk, and their verdict rendered by the foreman. And when the verdict is announced, either party may require the jury to be polled; and if any one answers in the negative, they must be sent out again. In any case, the verdict must be read by the clerk to the jury, and the inquiry made whether it is their verdict; and if any juror disagrees, the jury must be sent out again. The jury, therefore, must be present at the rendition of their verdict. But the judge has no power to reassemble the jury after they have been finally discharged, and after the final adjournment of the term. No statute authorizes it. No statute confers any discretion upon the judge to do this, nor authorizes this court to confer any such discretion.

But the prayer for relief goes further, and asks that the judge be required to render judgment upon the verdict. This part of the plaintiffs' prayer disregards all those matters that may intervene to arrest or intercept the judgment after verdict. Code, §§ 306, 308.

All these matters, grounds for a new trial, are to be first adjudicated by the district judge, and this court has no power to divest him of the cognizance of such matters; nor can it be presumed in this proceeding that none of those grounds for a new trial exist.

2. But we deny that the judge committed any error. He discharged the jury of the case, because he found that two of the jurors were disqualified to sit. In this act he is justified by the law. Code, § 270, gives two grounds of challenge, either of which is to be determined by the court. The one

ground is, that the juror challenged has a cause pending against the challenging party; and the other cause is, that the juror has a prejudice against the party challenging, or a partiality for the other party. Here are matters submitted to the sound discretion of the judge, and we maintain with entire confidence, first, that if his determination could have been revised at all by this court, it could be done only by exceptions taken at the time; second, that it is a case of absolute discretion in the judge, and cannot be considered by this court in any form.

3. But suppose that the judge ought, or might lawfully have received or recorded the verdict, and then set it aside for the cause shown, (and that strictly such was the only proper course,) then it follows that the action of the judge was only an irregularity, from which the plaintiffs suffered no harm, since by this course the judge reached a result, which otherwise must have been reached by another course. Now the writ of mandamus is a discretionary writ. It issues only where the court perceives that it ought to issue to prevent injustice. Hence the courts always refuse it, when they cannot see that it is necessary to prevent injustice.

The opinion of the court was delivered by

KINGMAN, C. J.: In the trial of a cause wherein the relators were plaintiffs, and the M. K. & T. Railway Company was defendant, the jury brought in a written verdict, which being examined by the judge was by him considered imperfect, and he directed the jury to retire and perfect their verdict, by computing the interest and making it a part of the assessed damages. During the absence of the jury, the attorney for the defendant, by a written statement, informed the court that since the last retirement of the jury he had been informed, and believed the information true, that two of the jury, (therein named,) were parties engaged in the prosecution of an action to restrain the officers of Morris county from the payment of interest on certain bonds issued by said county to the defendant company, while said jurors had, in answer

to questions on the impanneling of the jury, stated that they had no controversy with the defendant company, and concluded with a prayer to the court to inquire into the matter, that the jury be discharged, and another jury impanneled to try the cause. This paper was not sworn to. The court upon the return of the jury made an inquiry into the facts, and found them as stated, and thereupon discharged the jury without receiving the verdict. The verdict had been agreed on, perfected, and reduced to writing, and was then in the hands of the foreman. The relators ask this court to direct the court below to receive and record the verdict, and proceed to judgment thereon. This summary arrest of the proceedings was irregular, and erroneous. It is useless to examine decisions in other states to show the fact. Our statute makes the granting of a new trial such an order as may be at once taken to this court on error. This modification of the former practice gives new rights, and requires the observance of the steps necessary to enable a party to secure those rights. We abstain from expressing an opinion as to whether a new trial ought or ought not to have been granted. That is a question that can only be tried on error, when both parties to the action are before this court. The Railway Company is not a party to this proceeding. It is because the parties had a right to have the action of the court directly reviewed, that the refusal to accept the verdict, and the discharge of the jury, was erroneous. It is argued by the respondent that it is an error that cannot be corrected by mandamus; that the plaintiffs had their remedy by making a bill of exceptions, and thus saving their rights. But the trouble is that a bill of exceptions would not give them a right to have the ruling of the court reviewed, until the final disposition of the case; and thus one of the rights given by law to litigate would be finally lost. It is useless to speculate upon the value of that right. That is not the province of the court. But while the party is thus deprived of the right to take the ruling of the court on this point up for review, by itself, he would be in little better position after a final hearing. If the relators,

Munkers and Terwilliger, should make a bill of exceptions, saving their rights in regard to this error, and upon final trial the verdict should be against them, and this court, in reviewing the case on error, after such final hearing, should be of the opinion that there was no cause for a new trial, the relators would then have no verdict upon which judgment could be entered. So they would take nothing by a ruling of this court in their favor. We think the court erred in its action; that its duty was to receive and enter the verdict, and that the relators have no adequate remedy in the due course of law save by the writ of mandamus.

It is suggested in argument that the defendant will have no opportunity to poll the jury; and other difficulties are mentioned in the way of carrying out this order, which are not without weight. The defendant's right to poll the jury is not questioned; but when in that, or any other matter, the impossibility has been brought about by his own action, then he ought not to be allowed to complain of the result. The peremptory writ will go to enter the verdict as of the 12th day of April, 1871. There will be no mandate as to the judgment, as there is no certainty that a judgment will be a necessary consequence of an entry of the verdict. No inference is to be drawn that a new trial may not be rightfully granted upon sufficient cause shown. That question is not before us, nor can it be decided in the absence of one of the parties to be affected by it. We shall also carefully abstain from directing the amount for which the verdict shall be entered, for although the evidence on that point is abundant and satisfactory in this court, we are not unmindful of the fact that one of the parties is not before the court. The verdict should be made a part of the record, and the court below will know how to make the records of his court speak the truth. Peremptory mandamus awarded.

All the Justices concurring.