48   817
50   390

STATE OF NEBRASKA, EX REL. WILLIAM H. FULLER, V. FRED B. BEALL, DISTRICT JUDGE.

FILED JUNE 16, 1896.   No. 8310.

1. **Trial:** VERDICT. A verdict which responds to all of the issues made by the pleadings should not be rejected on account of immaterial findings or recommendations superadded by the jury.

2. **Mandamus:** DISTRICT JUDGE: RECEIVING VERDICT. Where a verdict is returned which is sufficient in form and responsive to the issues made by the pleadings it is the duty of the district court to receive and enter it of record. The duty in that regard is ministerial, involving no judicial or discretionary power, and may accordingly be enforced by means of the writ of *mandamus* issued out of this court.

56

ORIGINAL application for *mandamus* to require respondent to receive and enter of record a verdict.   *Writ allowed.*

*James McNeny,* for relator.

POST, C. J.

This is an original application for a writ of *mandamus* to require the respondent, as judge of the district court for Webster county, to receive and enter of record the following verdict:

"J. C. HARTMAN, Plaintiff,
          v.
.WILLIAM H. FULLER, Defendant.

"We, the jury in this case, duly impaneled and sworn, do find and say that there is nothing due either plaintiff or defendant, and the said plaintiff and defendant are entitled to bear proportionately the costs of this action.

"P. J. SPRACHER,
                    "*Foreman.*"

The foregoing verdict, as we learn from the record, was returned on the 13th day of December, 1894, in an action then pending and on trial before said court, in which John C. Hartman, as plaintiff, claimed from the defendant, William H. Fuller, the sum of $184.66 on account, and the latter sought to recover the sum of $431.33 on a similar cause of action against the plaintiff.   Thereupon, according to the admission of the pleadings, "the court refused to accept or receive said verdict and refused to send said jury back to correct the said verdict, but neglected and refused to receive the same and summarily discharged the said jury; that the plaintiff then and there objected and excepted to the action of the court in refusing to receive the said verdict, and insisted that the verdict as returned by the jury should be received and the clerk ordered to enter the same upon the records of said court, which the court refused to do." It is further shown that the relator, as defendant in the above entitled

action, afterward submitted a formal request for judg-
ment upon said verdict, which request was at a subse-
quent term denied and the cause continued for trial by
the court, on its own motion.   Although the subject is
not wholly free from doubt, the inference we draw from
the record is that the verdict was by the respondent held
to be insufficient in form and substance to sustain a judg-
ment for either party; but in that conclusion of the
learned district judge we are unable to concur.   The
rule appears to be that a verdict which responds to all
of the issues submitted should not be rejected on account
of immaterial findings or recommendations superadded
by the jury.   In the verdict here set out there is a dis-
tinct and explicit finding with respect to the cause of
action alleged by each party, and the attempted appor-
tionment of the costs may be rejected as surplusage.
(*Parkinson v. McQuaid*, 54 Wis., 473; *Hancock v. Buckley*,
18 Mo. App., 459; *State v. Knight*, 46 Mo., 83; *Foote v.
Woodworth*, 66 Vt., 216; *Tucker v. Cochran*, 47 N. H., 54;
Graham & Waterman, New Trials, 136.)

It remains to be determined to what extent, if at all,
this court will assert its coercive power for the purpose
of controlling the action of the district court in the dispo-
sition of the verdict.   In *Lloyd v. Brinck*, 35 Tex., 1, cited
by the relator, it was held that the trial court cannot
upon its own motion set aside a verdict sufficient in form
and responsive to the issues made by the pleadings, and
that it may, by means of the writ of *mandamus*, be re-
quired to enter judgment in such case, notwithstanding
a previous order setting aside the verdict.   That case
cannot, it is believed, be reconciled with *Weber v. Kirken-
dall*, 44 Neb., 766, holding that the power is inherent in
the district court, as a court of general jurisdiction, to
correct errors in its proceedings upon its own motion, in
the absence of a request by either party to the contro-
versy.   We agree, however, with the Texas court that
the true test in cases where it is sought to control the
actions of judicial officers is whether the duty sought to

be enforced involves the exercise of their judgment and discretion. Judge Thompson, in his work on Trials, section 2636, says: "If the verdict has been unanimously agreed upon by the jury, reduced to writing in due form, returned by the jury, and regularly presented to the court, and if for insufficient reasons the court refuses to receive and record the same, it may be compelled to do so by a *mandamus* sued out in a tribunal possessing superintending jurisdiction over it." And the view thus stated finds support in the decisions of the courts, both state and national. (See *State v. Knight, supra; Munkers v. Watson*, 9 Kan., 668; *Cortleyou v. Ten Eyck*, 22 N. J. Law, 45; *Haight v. Turner*, 2 Johns. [N. Y.], 371; *Horne v. Barney*, 19 Johns. [N. Y.], 247; *Ex parte Bostwick*, 1 Cow. [N. Y.], 143; *Hudson v. Parker*, 156 U. S., 277.) The act of receiving and recording a verdict when returned by the jury is, it appears from the authorities cited, essentially ministerial, not involving the exercise of any discretion on the part of the judge, and the duty in that regard may accordingly, in a proper case, be enforced by means of the writ of *mandamus*. It follows that the writ should be allowed as prayed.

WRIT OF MANDAMUS ALLOWED.