WHITELEY MALLEABLE CASTINGS COMPANY ET AL. *v.*
BEVINGTON.

[No. 2,990.   Filed October 24, 1900.]

PLEADING.—*Harmless Error.*—Sustaining a demurrer to a paragraph of answer is harmless, where all the material allegations thereof were contained in an amended answer by way of counterclaim. *p. 393.*

SAME.—*Answer.— Payment.—Release.* —Where a general denial and plea of payment were pleaded, a demurrer was properly sustained to a paragraph of answer alleging that plaintiff for a valuable consideration released to defendant the cause of action sued upon. *p. 393.*

SAME.—*Counterclaim.*—In an action for money had and received defendant filed a counterclaim based upon a promissory note indorsed by payee and defendant, filed as an exhibit, alleging that the note was indorsed by the payee to defendant and "is now held by him," and at the solicitation of the maker, for the purpose of giving him credit, defendant indorsed the note and plaintiff received from the maker the amount named. *Held,* that the averments of the pleading, taken with the exhibit, are not sufficient to show a right of action in defendant as indorsee for value from the payee of the note, or as a surety who had paid the note for the maker. *pp. 393, 394.*

Whiteley, etc., Co. *v.* Bevington.

PLEADING.—*Answer.—Counterclaim.—Exemptions.*—Where in an action on account defendants filed answers of set-off and counterclaim, and in the counterclaim alleged a promise on the part of plaintiff to execute a chattel mortgage on certain specified personal property to secure one of defendants as indorser, a reply thereto that plaintiff was a householder, and that all of his property was less in value than $600, was good against demurrer, it not appearing that the property claimed as exempt was the property to be included in the mortgage, or that all of the defendants have any right to a specific performance of the promise.  *p. 394.*

VERDICT.—*Judgments.*—A verdict finding for plaintiff on his complaint in the sum of $84.51, and for defendants on their set-off and counterclaim for $200, and that plaintiff was entitled to have the amount assessed to him allowed to him under the exemption laws, as prayed for, is not double, since it was the duty of the jury to find upon the issues presented by the pleadings, and it was the duty of the court to give plaintiff judgment for $84.50, and that he hold the same exempt from execution.  *pp. 394, 395.*

NEW TRIAL.—*Joint Motion.*—A joint motion for a new trial on account of the insufficiency of the evidence to sustain the verdict against defendants was properly overruled where the evidence was sufficient to sustain the verdict against any one of defendants.  *p. 395.*

From the Delaware Circuit Court.  *Affirmed.*

*Frank Ellis, J. T. Walterhouse, J. W. Ryan* and *W. A. Thompson,* for appellants.

ROBINSON, C. J.—Appellants appeal from a judgment against them for money had and received for appellee's use.

The complaint avers that the Whiteley Malleable Castings Company operates a large factory; that Elmer J. Whiteley and Burt H. Whiteley are officers, agents, and managers of the business and interested therein; that in conducting such business it was necessary to employ a large number of men and for such men to board and lodge near the factory; that for such reasons appellants induced appellee to open a boarding house near the factory, and agreed and were authorized by appellee to collect from and retain out of the wages of employes lodging with appellee such sums as might become due on that account and pay the same to appellee as soon as collected; that pursuant to this arrange-

ment appellee lodged certain employes named who were indebted to him in named sums, which appellants collected and refused to pay to appellee.

Appellants answered in six paragraphs, also an amended answer by way of counterclaim, and appellant, B. H. Whiteley, filed a separate counterclaim and cross-complaint. A demurrer was sustained to the amended first and sixth paragraphs of answer and the amended counterclaim and cross-complaint of B. H. Whiteley.

The first question discussed is sustaining appellee's demurrer to the amended first paragraph of appellants' answer. Even if this ruling was erroneous it did not harm appellants because all the material allegations in this paragraph are contained in appellants' amended answer by way of counterclaim. In *Luntz* v. *Greve,* 102 Ind. 173, it is said: "We suppose it to be immaterial what name is given a pleading, provided it be of such a character as to secure the party the full benefit of the matters pleaded in another form." *Moore* v. *Boyd,* 95 Ind. 134; *Johnson* v. *Putnam,* 95 Ind. 57.

The amended sixth paragraph of answer reads: "For their amended further and sixth paragraph of answer to plaintiff's complaint, defendants say that, for a valuable consideration, plaintiff has released to defendants the cause of action sued upon." The demurrer to this paragraph was properly sustained. It was pleaded in bar, and, conceding, without deciding, that the words "has released" would be sufficient without stating the manner of the release, it is readily seen that it is not good as a plea in bar. If it means payment, payment was already pleaded; if it means a denial of any liability, the general denial had been pleaded.

It is difficult to tell upon what theory the counterclaim and cross-complaint of B. H. Whiteley proceeds. A note executed by appellee payable to D. M. Birney, and on which, following the word indorsed, are the names of B. H.

Whiteley and D. M. Birney, is filed as an exhibit. It is averred that the note was indorsed by the payee to Whiteley and "is now held by him", and it is also averred that at the solicitation of the maker of the note, and for the purpose of giving him credit for the borrowing of the money with which to open the boarding house mentioned in the complaint, Whiteley indorsed the note for the maker, who received from the payee the amount named. The averments of the pleading taken with the exhibit are not sufficient to show a right of action in Whiteley as an indorsee for value from the payee of the note. Nor are the averments sufficient to show a right of action in Whiteley as a surety who had paid the note for the maker. Upon either theory the demurrer was properly sustained.

The second paragraph of appellee's reply to the fourth and fifth paragraphs of answer and to appellants' counterclaim sets out that appellee is a resident householder all of whose property is less in value than $600. The fourth and fifth paragraphs of answer pleaded set-off. The counterclaim undertakes to plead, among other things, a promise on the part of appellee to execute a chattel mortgage on specified personal property, to secure a certain note executed by appellee and indorsed by appellant B. H. Whiteley and payable to one Birney, the mortgage to be executed to Birney and Whiteley. The pleading does not show how all the appellants have any rights to a specific performance of the promise, nor does it appear that the property claimed as exempt in the reply is the same or any part of the personal property which was to be included in the mortgage. To the answers and to that part of the counterclaim which is well pleaded the reply was good against the demurrer.

The issues joined were tried by a jury, who returned the following verdict: "We the jury find for the plaintiff on his complaint on the issues thereon, against the defendants, and assess his damages thereon at the sum of $84.51, and we find for the defendants on their set-offs and counterclaim

against the plaintiff and assess their damages thereon at the sum of $200. And we find for the plaintiff on his second paragraph of reply against the defendants, and that he is entitled to have said amount assessed to him on his complaint and allowed to him under the exemption laws of the State of Indiana as prayed for thereon."

We do not agree with counsel that the verdict is double. Upon the verdict it was the court's duty to give appellee judgment for $84.50, and that he hold the same exempt from execution and from being applied to the payment of any part of the amount found against appellee and in appellants' favor. It was also the court's duty to render a judgment upon the verdict in appellants' favor for $200. This the court did. It can not be said there are two separate verdicts. It was the jury's duty to find upon the issues presented, and whether appellee was entitled to an exemption depended upon the facts submitted to the jury.

It is argued that the verdict is not sustained by sufficient evidence, and is contrary to the evidence. Appellants all joined in a motion for a new trial. The only question argued is that there is no evidence to sustain a verdict against E. J. Whiteley and B. H. Whiteley. It is not claimed there is no evidence to support a verdict against appellant company. As the motion is joint it could not be sustained if there was evidence to sustain the verdict against any one of appellants. There was evidence as against appellant company, and the other appellants could present the question as to themselves only by filing a separate motion for a new trial. This they did not do. Judgment affirmed.