CROW *v.* CROW.

1. The verdict was authorized by the evidence.
2. Attacks upon a decree furnish no ground of a motion for a new trial.
3. When the verdict is considered in the light of the pleadings, the construction placed upon it by the court, and its recital in the ground of the amended motion attacking it as uncertain and indefinite, it is **not** subject to that criticism there made.

FEBRUARY 17, 1910.

·Complaint. Before Judge Gober. Forsyth superior court. December 22, 1908.

*Brooke & Henderson,* for plaintiff in error.

*H. L. Patterson,* contra.

ATKINSON, J. The presiding judge construed the verdict rendered by the jury in this case as meaning that they found for the plaintiff the sum of $275 on account of the rental of the land, and in favor of the holder of the fi. fa. for the sum of $374.74 on account of the amount due upon it, leaving a balance in favor of the holder of the fi. fa. of $99.74; and that the land should be sold, this balance should be paid, and the remainder of the proceeds be paid over to the plaintiff. The first two grounds of the amended motion for a new trial seek to attack the construction placed by the court upon the verdict and the decree rendered accordingly. Exceptions to the decree as erroneous furnish no ground for a motion for a new trial, and can not be considered when the decree is thus sought to be attacked. We may therefore reject from consideration the first two grounds of the amended motion. The third ground was as follows: "Because the verdict of the jury in said case, to wit: 'We the jury find for the plaintiff, two hundred and seventy-five dollars, subject for the land to be sold, find for the defendant three hundred and seventy-four .74 dollars, in favor of the fi. fa.,' is indefinite, uncertain, and not capable of an intelligent construction, under the pleadings and evidence of the case." This ground in effect concedes that the sums found by the jury were $275 and $374.74 respectively, but insists that, treating the amounts to be those stated, the verdict was nevertheless indefinite, uncertain, and not capable of an intelligent and just construction. It does not attack those figures as not being the amounts found by the jury. Assuming the amounts stated to be those as found in the verdict, the balance of the finding was intelligible and capable of a

definite and just construction, namely, that the amount which was found in favor of the plaintiff on account of rents should be credited on the amount found in favor of the defendant on account of the fi. fa., and that the land should be sold and this balance paid from the proceeds.   When the pleadings are considered, it is clear that this was the intention of the jury and the meaning of the finding.   This ground therefore furnishes no reason for reversal.

*Judgment affirmed.   All the Justices concur.*