Argued June 27, writ allowed July 17, 1928.

JAMES A. REYNOLDS et al. v. JACOB KANZLER, Judge.

(269 Pac. 230.)

For plaintiffs there was a brief and oral arguments by *Mr. Floyd D. Moore* and *Mr. Roy F. Shields.*

For defendant there was a brief over the names of *Mr. E. Earl Feike* and *Mr. M. B. Meacham* with an oral argument by *Mr. Feike.*

BROWN, J.—■ When the findings recorded above are read in the light of the pleadings, there is neither uncertainty, ambiguity nor indefiniteness therein. Each party to the litigation alleged certain causes of action against the other; and these verdicts represent the expressed intention of the jury. In the plaintiffs' first cause of action the jury decided, according to the verdict, that plaintiffs were entitled to recover from defendants the sum of $2,854.49. In the accompanying verdict covering the defendants' cause of action, the jury manifestly intended to find that defendants were entitled to recover from plaintiffs the sum of $2,975. So that, according to these verdicts, the defendants are entitled to recover of and from the plaintiffs the amount remaining after deducting $2,854.49 from $2,975: *Forest Products Co.* v. *Dent & Russell,* 117 Or. 637 (244 Pac. 531); *Whiteley Malleable Castings Co.* v. *Bevington,* 25 Ind. App. 391 (58 N. E. 268); *Beaumont Rice Mills Co.* v. *Campbell* (Tex. Civ. App.), 113 S. W. 971; *Crow* v. *Crow,* 134 Ga. 10 (67 S. E. 400); 25 Stand. Ency. of Proced. 974. On this point, 22 Ency. Pl. & Pr. 915, states that if, from the data contained in the findings re-

turned, the amount recoverable is determinable by a mere mathematical calculation, the findings are sufficient. The same volume, at pages 955–960, in language following promulgates a rule sustained by leading authorities:

"In the construction of a verdict the first object is to learn the intent of the jury, and when this can be ascertained such effect should be allowed to the findings, if consistent with legal principles, as will most nearly conform to the intent. The jury's intent is to be arrived at by regarding the verdict liberally, with the sole view of ascertaining the meaning of the jury, and not under the technical rules of construction which are applicable to pleadings. * *

"In the construction of a verdict, resort may be had to the pleadings to ascertain its true intent. * *

"The findings of a jury are viewed with great leniency, and all reasonable presumptions are made to sustain a general verdict. * * In the construction of a verdict, the inclination of the court will always be in favor of its validity, no matter what requisite may be apparently lacking, and the verdict will be supported if, from the terms of the finding and the contents of the record, enough material can be gathered for the formation of a complete verdict in all its essential details."

■ The defendant asserts that a writ of *mandamus* is not the proper remedy in the cause at issue. This is error. The power of this court to issue a writ of *mandamus* to compel the entry of a verdict in a proper cause is beyond dispute: 13 Ency. Pl. & Pr. 559; 2 Thompson on Trials (1 ed.), § 2636; 25 Stand. Ency. of Proced. 1034; *Bishop* v. *Mugler,* 33 Kan. 145 (5 Pac. 756); *Munkers* v. *Watson,* 9 Kan. 668; *Commonwealth* v. *Justices of Court of Sessions,* 5 Mass. 435; *State* v. *Knight,* 46 Mo. 83; *State* v. *Beall,* 48 Neb. 817 (67 N. W. 868). From the case last cited

we take the following excerpt, which is peculiarly applicable to the facts in the case at issue:

"Judge Thompson, in his work on Trials, section 2636, says: 'If the verdict has been unanimously agreed upon by the jury, reduced to writing in due form, returned by the jury, and regularly presented to the court, and if for insufficient reasons the court refuses to receive and record the same, it may be compelled to do so by a *mandamus* sued out in a tribunal possessing superintending jurisdiction over it.' And the view thus stated finds support in the decisions of the courts, both state and national. See *State* v. *Knight*, 46 Mo. 83; *Munkers* v. *Watson*, 9 Kan. 668; *Cortleyou* v. *Eyck*, 22 N. J. Law, 45; *Haight* v. *Turner*, 2 Johns. (N. Y.) 371; *Horne* v. *Barney*, 19 Johns. (N. Y.) 247; *Ex parte Bostwick*, 1 Cow. (N. Y.) 143; *Hudson* v. *Parker*, 156 U. S. 277 (39 L. Ed. 424, 15 Sup. Ct. Rep. 450)."

This doctrine is sound, and the writer is satisfied with the pronouncement of the law as set forth by the foregoing decision.

The trial court is hereby directed to record the verdicts and pronounce judgment thereon.

Neither party will recover costs.

WRIT ALLOWED.

RAND, C. J., and BEAN and BELT, JJ., concur.