Argued and submitted September 2, peremptory writ of mandamus issued with
instructions November 25, 1992

STATE ex rel SAM'S TEXACO
& TOWING, INC.,
an Oregon corporation,
and Automobile Club of Oregon,
a business organization,
*Plaintiffs-Relators,*

*v.*

The Honorable
Stephen L. GALLAGHER, Jr.,
Judge of the Circuit Court
for the State of Oregon
for the County of Multnomah,
*Defendant.*

(SC S38925)

842 P2d 383

Gregory B. Snook, of Allen, Kilmer, Yazbeck, Chenoweth & Voorhees, P.C., Portland, argued the cause for plaintiffs-relators. With him on the brief was Andrew K. Chenoweth.

Richard W. Young, Reno, Nevada (admitted *pro hac vice*) argued the cause and filed the brief for defendant.

James M. Callahan, Portland, filed a brief for *amicus curiae* Oregon Association of Defense Counsel.

VAN HOOMISSEN, J.

## VAN HOOMISSEN, J.

This is an original proceeding in mandamus. The issue is whether defendant trial judge (judge) was required by law to accept a jury's answers to certain questions on a special verdict form as a sufficient verdict. The judge dismissed the jury and granted a mistrial. Sam's Texaco & Towing, Inc. (Sam's Texaco), and the Automobile Club of Oregon (AAA), plaintiffs-relators in this action, petitioned this court for a writ of mandamus requiring the judge to accept the verdict. This court granted an alternative writ of mandamus. We hold that the judge had no discretion to refuse to accept the verdict for Sam's Texaco and AAA, and we direct that a peremptory writ of mandamus issue.

The claim underlying the present case was a personal injury action by Mary Jo Smith against Sam's Texaco and AAA. The claim arose from an incident that occurred after Smith, a member of AAA, called AAA and requested towing services for her car. AAA contacted Sam's Texaco, which sent a tow truck driven by Richard Cullum to perform the towing services. When Cullum arrived, Smith asked that the car be towed to a nearby service station. Smith told Cullum not to try to start the car, because the service station had warned her that that might cause engine damage. Cullum insisted that it was company policy to attempt to start the car, and that verbal disagreement escalated to the point where Cullum struck Smith, fracturing her jaw. Smith was hospitalized and required surgery to reconstruct her jaw. Evidence at trial showed that Cullum had a criminal record including assaults, domestic violence, burglary, and criminal mischief. In her complaint, Smith alleged that Sam's Texaco was negligent in hiring Cullum and that AAA breached its warranty to provide her with safe towing services.

The case was tried to a jury, which was given a special verdict form. The first three questions on that form related to the negligence claim against Sam's Texaco; the final five questions related to the breach of warranty claim against AAA. The verdict form read as follows:

"1. Was Sam's Texaco negligent in failing to conduct a ʳ minal background check on Richard Cullum before hiring 1 ·n? (yes/no)

"If your answer is 'yes,' answer question 2. If your answer is 'no,' skip question 2 and go on to question 4.

"2. Was Sam's Texaco's negligence as determined in question 1 a substantial factor in causing plaintiff's injuries? (yes/no)

"If your answer to question 2 is 'no,' your verdict is for defendant Sam's Texaco. Move on to question 4. If your answers to questions 1 and 2 are 'yes,' answer question 3.

"3. What are plaintiff's damages attributable to Sam's Texaco:

"Economic damages:      $_____
"Noneconomic damages:   $_____

"4. Did defendant Automobile Club of Oregon (AAA) make representations to plaintiff which constituted a warranty of her personal safety in connection with her membership in AAA? (yes/no)

"If your answer to question 4 is 'no,' your verdict is for AAA. Skip the remainder of the questions and have your presiding juror sign the verdict form. If your answer is 'yes,' move on to questions 5.

"5. Did plaintiff reasonably rely on representations by AAA which constituted a warranty of personal safety? (yes/no)

"If your answer to question 5 is 'no,' your verdict is for AAA. Skip the remainder of the questions and have your presiding juror sign the verdict form. If your answer is 'yes,' move on to question 6.

"6. Did AAA breach representations which constituted a warranty of personal safety, upon which plaintiff relied, when plaintiff was injured by Sam's tow truck driver? (yes/no)

"If your answer to question 6 is 'no,' your verdict is for AAA. Skip the remainder of the questions and have your presiding juror sign the verdict form. If your answer is 'yes,' move on to question 7.

"7. Did plaintiff and AAA understand, at the time the contract between AAA and plaintiff was entered into, that if AAA breached representations which constituted a warranty of personal safety to plaintiff that plaintiff could recover personal injury damages from AAA? (yes/no)

"If your answer to question 7 is 'no,' your verdict is for AAA. Skip the remainder of the questions and have your

presiding juror sign the verdict form. If your answer is 'yes,' move on to question 8.

"8. What are plaintiff's contract damages attributable to AAA? $_____. (may not exceed amount of economic damages.)"

The trial judge instructed the jury:

"Respecting Questions 1, 2, and 3, those you choose to answer must be answered by the same nine jurors. Respecting Questions 4 through 8, those you choose to answer must be answered by the same nine jurors. It is not necessary for the same nine jurors to answer all questions you choose to answer on all eight questions. In other words, it may be a different nine who answer 1 through 3 from the nine who answer 4 through 8."

On the second day of deliberations, the court clerk reported to the judge as follows regarding the jury's progress:

"[O]n Question 1, they are sort of locked at seven votes yes to five votes no, but on Question 2 they are unanimous twelve votes no that Sam's conduct was not a substantial factor, and they wanted to know if they needed to have nine votes on Question 1 or if Question 2 sort of disposed of that issue."

The judge and counsel for both parties then discussed the jury's report in chambers. The judge observed that the Uniform Jury Instructions would have combined negligence and causation into one issue and suggested combining the questions, but counsel disagreed.[1] The judge then instructed the clerk to tell the jury that, "respecting the first three questions, they can enter how they have voted." The jury then proceeded with deliberations.

Later that day, the jury announced the following verdict:

Question 1 (yes 5/no 7) (Sam's Texaco negligence);

Question 2 (yes 0/no 12) (Sam's Texaco causation);

Question 3 (no answer) (damages amount);

Question 4 (yes 10/no 2) (AAA warranty);

Question 5 (yes 6/no 6) (AAA reliance);

Question 6 (yes 5/no 7) (AAA breach);

---

[1] The Uniform Jury Instructions for Civil Cases combine these issues. UCJI Nos. 10.01, 10.01A, and 10.01B combine "negligence and causation" and "fault and causation."

Question 7 (yes 1/no 11) (AAA damages contemplated);
Question 8 (no answer) (damages amount).

Counsel for Sam's Texaco and AAA then asked the judge to accept the verdict, arguing that Question 2 was dispositive of Smith's claim against Sam's Texaco and that Question 7 was dispositive of her claim against AAA. Smith's counsel moved for a mistrial, arguing that nine jurors did not agree on all the questions as to each defendant.

The judge then told the jury that its verdict was not sufficient, because the jury had failed to agree on the answers to Questions 1, 5, and 6. The presiding juror responded that there was still a possibility that the jury could reach a more complete verdict. Another juror stated that any changing of votes would not be a matter of conscience, but only of expediency. The judge then instructed the jurors to continue deliberating but not to violate their consciences.

After the jury had deliberated for a total of 16 hours, the judge asked if they were making any progress. The presiding juror indicated that, although there had been some changes in voting, there had not been any major changes. The jury continued deliberating. After a total of 19 hours, the judge concluded that any changes based on further jury deliberations would be the result of expediency rather than conscience, and he discharged the jury. The judge denied a request by counsel for Sam's Texaco and AAA to ask the jury if it had reached a verdict as to either defendant. Counsel for Smith again moved for a mistrial, which the judge granted. Sam's Texaco and AAA then moved in this court for a writ of mandamus to require the judge to accept the jury's verdict. This court granted an alternative writ of mandamus.

Sam's Texaco and AAA contend that the judge erred in denying their motion to accept the jury's verdict. They argue that the jury's answer to Question 2 shows that, even if Sam's Texaco was negligent, the negligence was not a substantial factor in causing Smith's injuries; therefore, Sam's Texaco is entitled to judgment in its favor. *See Sworden v. Gross*, 243 Or 83, 86, 409 P2d 897 (1966) (proximate causation requires that negligence be a substantial factor in bringing about the injury, or that the injury must be the natural and probable consequence of the negligence). They further

argue that, because Question 7 states: "If your answer to Question 7 is 'no,' your verdict is for AAA," the jury's answer to Question 7 disposed of Smith's claim against AAA.

■     Sam's Texaco and AAA point out that special verdicts must be construed liberally with a view of ascertaining the intention of the jury, *Forest Products Co. v. Dant & Russell*, 117 Or 637, 646, 244 P 531 (1926), and that the jury clearly intended to find in favor of both Sam's Texaco and AAA. They argue that, because the jury chose to answer only the questions that were dispositive of Smith's claims, the jury's taking the questions out of order does not invalidate the answers to Questions 2 and 7. They further argue that there were sufficient findings by the jury ultimately to determine the case and support a judgment. *See Oregon H. Builders v. Montgomery Inv. Co.*, 94 Or 349, 355, 184 P 487 (1919) (special verdict is adequate if it states sufficient findings on an issue that ultimately determines the case and necessarily supports the judgment rendered, so that other issues in the controversy become immaterial).

Sam's Texaco and AAA argue that the judge had the power to require the jury to resume deliberations only "[i]f the verdict is informal or insufficient," ORCP 59 G(4), and that the verdict in this case was neither informal nor insufficient. They assert, therefore, that the judge lacked power under ORCP 59 to send the case back to the jury for further deliberations. They argue that the judge's rejection of the verdict was unconstitutional under Article VII, section 3, of the Oregon Constitution, which provides in part:

> "In actions at law, where the value of the controversy shall exceed $200, the right of trial by jury shall be preserved, and no fact tried by a jury shall be otherwise reexamined in any court of this State, unless the court can affirmatively say that there is no evidence to support the verdict. * * *"

They conclude that the facts, as found by the jury in its answers to Questions 2 and 7, show that a verdict for Smith was not possible and, therefore, that the verdict should have been accepted.

The judge argues that the jury never returned a legal verdict in the underlying action and that the granting of a mistrial under ORCP 59 is within the discretion of the court.

The judge further argues that he acted within his discretion and, therefore, mandamus is not appropriate.

■ Mandamus is an appropriate remedy when a judge refuses to enter judgment on a valid jury verdict. *Reynolds v. Kanzler*, 126 Or 245, 248-49, 269 P 230 (1928). We turn, then, to the question whether the jury's answers on the special verdict form constitute a valid and sufficient verdict. ORCP 59 G does not define the word "insufficient." Although ORCP 61 B provides in part that a judge "may require a jury to return only a special verdict in the form of a special written finding upon each issue of fact," case law under the Oregon Rules of Civil Procedure does not directly decide whether a special verdict form with fewer than all the questions answered constitutes an insufficient verdict.

Because the Oregon Rules of Civil Procedure do not provide further guidance on the adequacy of special verdicts, we look to prior case law on this issue. In *Turner v. Cyrus*, 91 Or 462, 467, 179 P 279 (1919), a pre-ORCP case, this court held:

> "[T]he special verdict must pass upon and dispose of all the material issues; but this broad statement is subject to the qualification that a special verdict is sufficient if [the fact-finder] finds on an issue which ultimately determines and necessarily supports the judgment rendered, so that other issues in the case become immaterial[.]"

■ Although this court has not previously dealt with the specific problem of a partially completed special verdict form such as that presented by this case, other jurisdictions have held that, where a jury answers a dispositive question on a special verdict form, the verdict is sufficient even if other questions are not answered. *See, e.g., Riley v. Davidson Const. Co. Inc.*, 381 Mass 432, 409 NE 2d 1279 (1980) (the fact that jury did not agree on causation was immaterial where jury found that plaintiff had assumed the risk); *Anheuser-Busch, Inc. v. Smith*, 539 SW 2d 234 (Tex Civ App 1976) (partial verdict will sustain a judgment where the winning party would be entitled to judgment no matter what the jury would have said in response to the unanswered questions).

## SAM'S TEXACO

■     The jury fully answered only one of the questions regarding Sam's Texaco. On Question 1, only seven jurors voted that Sam's Texaco was not negligent. On Question 2, however, all twelve jurors agreed that Sam's Texaco's negligence, if any, was *not* a substantial factor in causing Smith's injuries.

Question 2 is phrased so as to premise causation on negligence "as determined in Question 1." We must decide if that phrasing caused those questions to be interdependent rather than independent, precluding a dispositive answer to Question 2 without an answer to Question 1. We conclude that that phrasing does not make questions 1 and 2 interdependent. Although the verdict form contemplates that Question 1 will be disposed of first, it would have been possible to ask the causation question first, by simply referring to the "actions" of Sam's Texaco, rather than to the "negligence" of Sam's Texaco. There is no requirement at common law that the legal conclusion of negligence be reached before causation is considered. As noted by the judge during the jury's deliberations, negligence and causation need not be presented to the jury as separate issues. It is logical to conclude that the jurors need not necessarily agree on whether it was negligence or causation that the plaintiff failed to establish in order to render a valid verdict for a defendant in a negligence case.

Even if all twelve jurors had agreed in Question 1 that Sam's Texaco was negligent, their answer to Question 2 still would have absolved Sam's Texaco of liability. The answer to the second question, therefore, disposed of the need to answer the first question, particularly where the verdict form stated after the second question, "if your answer to question 2 is 'no,' your verdict is for defendant Sam's Texaco." We conclude that the jury's answer to Question 2 legally was sufficient to require that a verdict be entered in favor of Sam's Texaco.

Because the jury's answer to one of the questions on the special verdict form favored Sam's Texaco in a way that "determines and necessarily supports the judgment rendered, so that other issues in the case become immaterial," *Turner v. Cyrus, supra*, 91 Or at 467, the judge should have

declared the verdict to be sufficient. The judge erred in refusing to accept it.

## AUTOMOBILE CLUB OF OREGON

The jury fully answered only two of the questions regarding AAA. By a 10-2 vote, they answered "yes" to Question 4, whether AAA made a warranty of personal safety to Smith in connection with her membership in AAA, and by a vote of 11-1 they answered "no" to Question 7, whether both parties understood at the time of contracting that AAA's breach of its warranty of personal safety would allow Smith to recover personal injury damages from AAA. AAA contends that the jury's answers to questions 4 and 7 provide a sufficient and dispositive verdict, although the jury failed to agree on the issues of whether there had been a breach of warranty and whether Smith had reasonably relied on AAA's representations.

Before we can address the underlying issue of AAA's liability, one preliminary question confronts us. Question 7, asking whether the parties understood at the time that the contract was entered into that AAA's breach could allow Smith to recover personal injury damages from AAA, appears to be an incorrect statement of the law of contract damages. Question 7 indicates that AAA would prevail if the parties did not contemplate the damages at the time the contract was entered into. That question favored AAA, but may have been erroneous. The usual rule is one of foreseeability and is stated in 5 Corbin on Contracts 79, § 1010 (1964) as follows:

" '* * * All that is necessary, in order to charge the defendant with a particular loss, is that it is one that ordinarily follows the breach of such a contract in the usual course of events, or that reasonable men in the position of the parties would have foreseen as a probable result of breach. *It is not necessary that the parties should have given the matter a moment's thought* or should have expressed themselves on the subject * * *.' " *Cont. Plants v. Measured Mkt.*, 274 Or 621, 626, 547 P2d 1368 (1976) (emphasis added).

AAA first argues that this discrepancy should not preclude a verdict in its favor, however, because any ambiguity in Question 7 was cured by the jury instructions on

damages.[2] AAA next argues that Smith's failure to object to the form of Question 7 or the instructions on damages waives any consideration of this issue by this court. *See Vale v. State Ind. Acc. Com.*, 160 Or 569, 578, 86 P2d 956 (1939) (plaintiff's failure to take exception at trial to submission of special verdict precluded plaintiff from raising issue on appeal). We need not decide the correctness of AAA's first argument, because we agree with its second.

Under *Vale v. State Ind. Acc. Com., supra,* 160 Or at 578, Smith would have had to object at trial to the form of Question 7 in order to preserve this issue for appellate review. Smith's counsel did not bring any inadequacy of Question 7 to the attention of the judge until after the jury had been deliberating for some time. The judge has not argued, nor is there any suggestion in the record, that his decision to grant a mistrial as to the claim against AAA was based on any error of law contained in Question 7. *Vale,* as well as the provisions of ORCP 59 H,[3] establish that Smith waived any objection to the form of Question 7.

■■ Given Smith's agreement to the form of Question 7, we next consider whether the judge's decision to grant a mistrial under those circumstances nevertheless lay within his discretion. *See State ex rel KOIN-TV v. Olsen,* 300 Or 392, 406-07, 711 P2d 966 (1985) (in mandamus, trial judge's discretionary decision will be overruled only for abuse of

---

[2] The judge instructed the jury:

"If you determine that defendant AAA is liable to plaintiff, you then must determine the amount of damages, if any, that should be awarded to [her].

"Damages that may be recovered for breach of warranty in a contract are:

"(1) Damages, which may fairly and reasonably be considered as arising naturally and necessarily from the breach; and

"(2) Damages, which may reasonably be supposed to have been within the contemplation of both parties at the time they made their contract, as proximate and natural consequences of a breach by the defendant.

"In determining what may reasonably be supposed to have been within the contemplation of the parties, all the facts surrounding the making of the contract may be considered, including facts that were known by both parties but were not essential to their making the contract."

[3] ORCP 59 H provides in part:

"No statement of issues * * * and no instruction given to a jury shall be subject to review upon appeal unless its error, if any, was pointed out to the judge who gave it and unless a notation of an exception is made immediately after the court instructs the jury. * * *"

discretion). It did not. As noted, when the provisions of ORCP 59 H and *Vale, supra,* are read together, they require that a party object to the form of a question in a special verdict before the jury retires. Otherwise, the right to raise the issue is waived. In this case, Smith did not object to Question 7 before its submission to the jury and therefore waived any objection to it. We, therefore, conclude that a mistrial was inappropriate, and the trial judge had no discretion to grant it. Because the jury's answer to Question 7 favored AAA in a way that "determines and necessarily supports the judgment rendered so that other issues in the case become immaterial," *Turner v. Cyrus, supra,* 91 Or at 467, the judge should have declared the verdict to be sufficient. The judge erred in refusing to accept it.

In summary, the judge erred in failing to accept the jury's verdict as to Sam's Texaco, because a question answered by the jury ultimately determined an issue that was dispositive of Smith's claim against Sam's Texaco. The judge further erred in failing to accept the jury's verdict as to AAA, because a question answered by the jury ultimately determined an issue that was dispositive of Smith's claim against AAA, and because any objection to the form of that question had been waived by Smith.

A peremptory writ of mandamus shall issue directing defendant to receive the verdict in favor of Sam's Texaco & Towing, Inc., and the Automobile Club of Oregon.