Argued and submitted September 4, peremptory writ of mandamus issued with instructions November 25, 1992

STATE ex rel TURCO ENGINEERING, INC.,
an Oregon corporation,
*Plaintiff-Relator,*

*v.*

The Honorable
Raymond R. BAGLEY, Jr.,
Judge of the Circuit Court
of the State of Oregon
for Clackamas County,
*Defendant.*

(SC S39146)

842 P2d 390

James C. Tait, of Tait and Cole, Oregon City, argued the cause and filed the brief for plaintiff-relator.

Jack L. Kennedy, of Kennedy, King & Zimmer, Portland, argued the cause for defendant. With him on the brief was Todd Van Rysselberghe, Portland.

VAN HOOMISSEN, J.

## VAN HOOMISSEN, J.

This is a mandamus proceeding brought by plaintiff-relator Turco Engineering (Turco) against defendant circuit court judge (judge). The real party in interest is Washington Potato Company (Washington Potato). The issue is whether the judge erred in denying Turco's motion that the judge receive the jury's verdict forms 1 and 2 in favor of Turco. We hold that the judge erred, and direct that a peremptory writ of mandamus issue.

Washington Potato owns a processing plant. In 1990, Washington Potato undertook a remodeling project to convert the electric boiler system at its plant to a gas boiler system. Washington Potato contracted with Turco to design and install the gas boiler system. The project did not go well. Disputes developed between the parties over Turco's charges. Turco fell behind schedule and then did not complete the project. Turco brought a contract action against Washington Potato to recover $174,902 that Turco claimed was due under the contract for time and materials.

Washington Potato filed an answer and counterclaim denying a written contract and denying that any additional sums were due Turco. Washington Potato claimed that it had entered into an oral contract with Turco for the provision of engineering services but that, because Turco did not have any licensed engineers on its staff to perform the engineering services that were a part of the contract, any contract between the parties was illegal and unenforceable. Washington Potato also counterclaimed for negligence. It alleged that Turco had promised to convert the boiler by July 1, 1990, but that Turco had failed to complete the project on time; that Turco had failed to make the boiler operable, abandoning the job on August 15, 1990, and leaving the boiler running without properly installing or adjusting the necessary safety features; and that, shortly thereafter, a malfunction caused the gas boiler to vent a large amount of steam into the electrical boiler room, resulting in significant property damage. Washington Potato claimed that Turco's negligence caused $1,060,485 in damages. Washington Potato also counterclaimed for negligent misrepresentation, alleging that, by using the word "Engineering" in its name, Turco had misled

Washington Potato to believe that Turco had licensed engineers on its staff and that, during contract negotiations, Turco had failed to disclose that it had no licensed engineers on its staff. The only difference between Washington Potato's negligence counterclaim and its negligent misrepresentation counterclaim was the allegation that Turco had misrepresented its qualifications.

In reply to Washington Potato's counterclaims, Turco answered that any damages to Washington Potato were caused by its own negligence, that Turco was justified in abandoning the job because Washington Potato was already in breach of the contract for non-payment, and that the parties' written contract contained a clause limiting Turco's liability, if any, to repair and replacement costs.

The case was tried to a jury. The judge instructed the jury that if it found that the parties had entered into a written contract, it should use forms 1 (breach of contract), 2 (negligence counterclaim), and 3 (negligent misrepresentation counterclaim). The jury returned special verdict forms 1, 2 and 3.

On verdict form 1, the jury found that the parties had entered into a written contract, that Washington Potato had breached the contract, that Turco's damages were $174,902.42 plus interest, and that no part of the services provided by Turco were illegal as claimed in Washington Potato's answer.[1] After a jury poll, however, it appeared that only eight jurors had agreed that no part of Turco's damages were for illegal activity, although at least nine jurors had agreed on all of the other issues presented on form 1. Moreover, from the jury poll, it appeared that one juror who had disagreed with the majority on earlier questions had not been allowed to answer later questions.

On verdict form 2, the jury found that both parties were negligent in causing the damages alleged in Washington Potato's negligence counterclaim, but that Washington

---

[1] The jury was polled on verdict form 1. The vote on Question 1 was 9 to 3 in favor of the verdict. The vote on Question 2 was 12 to 0 in favor of the verdict. The vote on Question 3 was 12 to 0 in favor of the verdict. The vote on Question 4 was 8 to 4 in favor of the verdict. There was no answer to Question 5, because that question was not to be answered if the answer to Questions 4 was "no."

Potato was 51% negligent and that Turco was 49% negligent.[2] At least nine jurors agreed on all of the answers on form 2.

On verdict form 3, the jury found that Turco had not negligently misrepresented its qualifications to render engineering services to Washington Potato.[3] A jury poll, however, indicated that only six jurors agreed on that answer.

Because not all the jurors had voted on all the issues, Washington Potato moved for a mistrial based on jury misconduct. The judge denied the motion. The judge then reinstructed the jury and told it to continue deliberating. Thereafter, the jury asked the judge for further instructions. Without objection, the judge reinstructed the jury. Later, the judge again polled the jury as to the questions in dispute. On form 1, the jury had agreed unanimously that part of the services provided by Turco were illegal and that the damages caused by Turco's illegal services was $16,575. The poll revealed, however, that the jury was still unable to agree on form 3 as to whether Turco had negligently misrepresented its engineering qualifications.

Turco moved the court to accept the verdicts with respect to the contract and negligence claims, contending that the negligent misrepresentation claim was redundant of the

---

[2] The jury was polled on verdict form 2. Question 1 was:

"Was plaintiff negligent in one or more of the respects claimed in defendant's counterclaim which caused damage to the defendant?"

The answer of the jury was "yes." The vote was 12 to 0 in favor of the answer.

Question 2 on verdict form 2 was:

"Was defendant negligent in one or more of the respects claimed in plaintiff's reply which caused damage to the defendant?"

The answer of the jury was "yes." The vote was 12 to 0 in favor of the answer.

[3] Question 3 of verdict form 2 asked the jury the percentage of each of the parties' negligence which caused damage to defendant. The jury answered that the defendant was 51% negligent. The jury found plaintiff to be 49% negligent. The vote was 9 to 3 in favor of the answer.

Question 1 on verdict form 3 was:

"Did plaintiff negligently represent its qualifications to render engineering services to defendant as alleged in defendant's counterclaim which caused damage to defendant."

The answer of the jury was "no." The vote was 6 to 6.

negligence claim. Alternatively, Turco argued that, if a mistrial were granted, it should be on the negligent misrepresentation claim only. The judge then concluded that the jury had reached an impasse, declined to accept any part of the jury's verdict, discharged the jury, and declared a mistrial. Turco then petitioned this court for an alternative writ of mandamus, contending that this court should require the judge to receive verdict forms 1 and 2 and to enter judgment for Turco on those verdicts.

This court issued an alternative writ, ordering the judge to receive verdicts 1 and 2, and to enter judgment for Turco in the amount of $174,902.42 plus interest, offset by $16,575, or to show cause why the judge had not done so. The judge answered the alternative writ and requested that the writ be dismissed.

The judge argues that the granting of a mistrial as to all the claims was within his discretion, that the record shows that the jury was confused, because it originally failed to allow all jury members to vote on all issues, it attempted to return a verdict when only six members agreed on one of the answers, and it requested full reinstruction by the judge when a tape of the original instructions was available. The judge further argues that he was acting within his discretion in determining that, because the verdict did not dispose of all the issues submitted, as a matter of law the verdict was insufficient. Because mandamus may not control matters within a judge's discretion (beyond requiring that a judge exercise discretion), the judge asserts that the writ of mandamus should be dismissed.

■ Mandamus is an appropriate remedy when a judge refuses to enter judgment on a valid jury verdict. *State ex rel Sam's Texaco & Towing v. Gallagher*, 314 Or 652, 659, 842 P2d 383 (1992); *Reynolds v. Kanzler*, 126 Or 245, 248-49, 269 P 230 (1928). The question is whether the jury's answers on verdict forms 1 and 2 constitute valid and sufficient verdicts. For the reasons that follow, we hold that they are.

■ ORCP 59 G(4) provides that an insufficient jury verdict may be corrected "by the jury under the advice of the court, or the jury may be required to deliberate further." ORCP 59 F(1)(a) allows a judge to discharge a jury without a

verdict if, "[a]t the expiration of such period as the court deems proper, it satisfactorily appears that there is no probability of an agreement." Those rules, however, do not indicate that the issue of whether a verdict is sufficient falls within the realm of judicial discretion. *If* the verdict is sufficient, the judge does not have discretion to reject it. *State ex rel Sam's Texaco & Towing v. Gallagher, supra*, 314 Or at 662.

The term "sufficient" is not defined in the Oregon Rules of Civil Procedure. ORCP 61 B provides in part that a judge "may require a jury to return only a special verdict in the form of a special written finding upon each issue of fact." A special verdict is sufficient if the factfinder finds an issue that ultimately determines and necessarily supports the judgment rendered, so that other issues in the case become immaterial. *State ex rel Sam's Texaco & Towing v. Gallagher, supra*, 314 Or at 660; *Turner v. Cyrus*, 91 Or 462, 467, 179 P 279 (1919) (pre-ORCP).

In this case, each of the three verdict forms used by the jury dealt with a separate claim: verdict form 1 concerned only Turco's contract claim; verdict form 2 concerned only Washington Potato's negligence counterclaim; and verdict form 3 concerned only Washington Potato's negligent misrepresentation counterclaim. This court has suggested that "ordinarily it is better practice where different causes of action are joined in one action for the jury to find a separate verdict as to each cause." *Rodgers Ins. v. Andersen Machinery*, 211 Or 459, 465-66, 316 P2d 497 (1957), quoting *Forest Products Co. v. Dant & Russell*, 117 Or 637, 645, 244 P 531 (1926); *see also Whinston v. Kaiser Foundation Hospital*, 309 Or 350, 359 n 10, 788 P2d 428 (1990) (commending use of special verdicts). The parties in this case agreed to separate special verdict forms on each claim. Turco's claim and Washington Potato's counterclaims were distinct, and the three special verdict forms submitted to the jury clearly separated each claim from the others. Moreover, except to the extent that the decision in verdict form 1 as to the existence of a written contract determined whether the jury would proceed to verdict forms 2 and 3, or to 4 and 5, the verdict forms were not interdependent.

■ In *State ex rel Sam's Texaco & Towing v. Gallagher, supra*, 314 Or at 660, this court held that a judge did not have

discretion to reject a verdict for a party after the jury answered a question that was dispositive of the only claim against that party. The situation here is similar. Verdict form 1 was dispositive of Turco's entire claim against Washington Potato, and verdict form 2 was dispositive of Washington Potato's negligence counterclaim against Turco. Although it is true that Washington Potato's counterclaim against Turco for negligent misrepresentation remains unresolved, that does not inevitably lead to a conclusion that the entire case must be retried where, as here, the issues presented by the negligent misrepresentation counterclaim are distinct.

We are not persuaded by the judge's argument that, because the jury originally mishandled the voting and later sought reinstruction, the jury was confused. Evidence that a jury is confused might be found when there is inconsistency within a verdict or inconsistency among verdicts. But we find no such inconsistency here. Each verdict could stand alone, and no verdict contradicted the findings of another verdict.

We conclude that, because verdict form 1 ultimately determined all of the issues relevant to that claim, it was sufficient. We further conclude that, because verdict form 2 ultimately determined all of the issues relevant to Washington Potato's negligence counterclaim, it also was sufficient. Verdict forms 1 and 2, therefore, should have been received by the judge. We hold that the judge had no discretion to reject those sufficient verdicts. Under these circumstances, the judge erred in doing so and in granting a mistrial.[4] Accordingly, we direct that a peremptory writ of mandamus issue, commanding defendant judge to receive verdicts 1 and 2.[5]

---

[4] Turco contends that Washington Potato's negligent misrepresentation claim is redundant of its negligence claim and added no independent basis for liability. Turco argues that, as a matter of law, a jury could not find in favor of Turco on Washington Potato's negligence counterclaim but, nevertheless, find against Turco on the negligent misrepresentation counterclaim, because the conduct causally related to the alleged damages is identical. We express no opinion as to the effect of verdict forms 1 and 2 on Washington Potato's negligent misrepresentation counterclaim.

[5] The judge may, but is not required to, direct the entry of a final judgment on fewer than all of the claims under the provisions of ORCP 67 B, which provides in part:

"When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more

A peremptory writ of mandamus shall issue directing defendant to receive the verdicts in favor of Turco Engineering, Inc.

---

but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. * * *"