Argued March 9, affirmed March 30, 1960

EDMONDS *v.* ERION ET AL

350 P. 2d 700

*Adelbert G. Clostermann,* Portland, argued the cause and filed a brief for appellant.

*William C. Ralston,* Portland, argued the cause for respondents. With him on the brief was Wendell K. Phillips, Portland.

Before McALLISTER, Chief Justice, and WARNER, SLOAN and DUNCAN, Justices.

## DUNCAN, J. (Pro Tempore)

Appeal from an order of the circuit court for Multnomah county denying plaintiff's motion to set aside the judgment and grant a new trial. The action was for damages for personal injury resulting from a motor vehicle collision allegedly caused by defendants' negligence. On November 22, 1957, the jury returned a verdict reading:

> "We the jury, empaneled in the above entitled cause do find our verdict in favor of the plaintiff and against the defendant and assess plaintiff's damage in the sum of $.............. General Damages and the sum of $970.35 as Special damages, and the sum of $91.94 as special damages on his second cause of action.
>
> [Sgd.] Fred Elsasser<br>Foreman."

On December 12, 1957, judgment was entered for plaintiff against defendants in the sum of $1,062.29. On appeal the parties treated the above as a verdict in favor of plaintiff for special damages only, and we so consider it.

■ The general rule governing recovery in actions for damages based on ordinary negligence is that there can be no verdict for special damages unless a verdict for general damages is had. The obvious reason for this is that if the claimant suffered no general damages then he could not have incurred special damages.

·The first assignment of error goes to the reception of a verdict allegedly not legal and valid, in that it does not award substantial general damages. The second assignment of error is to the denial of the motion for new trial. The determination of the appeal hinges on whether the stated general rule renders the verdict conclusively invalid or whether the insufficiency or irregularity may be waived by conduct of the parties.

Defendants made no objection to the verdict in the trial court and have not cross-appealed. They are deemed satisfied therewith. ORS 17.355, governing procedure when the jury returns into court with a verdict, provides in part:

"* * * If the verdict is informal or insufficient, it may be corrected by the jury under the advice of the court, or the jury may be again sent out."

Counsel for plaintiff was present when the above verdict was returned in court. He knew the contents thereof at the time, but made no objection to its being received by the court and filed with the clerk for entry in the journal. The verdict was irregular and insufficient, and on timely objection plaintiff was entitled to have it resubmitted to the jury with appropriate instruction or otherwise disposed of in the discretion of the court.

In *Fischer v. Howard*, 201 Or 426, 271 P2d 1059, the jury returned a verdict for $1 for compensatory damages, $1 for punitive damages, and $35 special damages. Counsel for both parties were present when the verdict was returned. They were informed of the verdict and neither asked that it be corrected nor that the jury be again sent out. The verdict was received and judgment entered for $37 in plaintiff's

favor. Plaintiff later moved for a new trial, which was allowed. Defendant appealed from the order allowing the new trial, and on appeal the order was reversed. That case differed in that the action was for an assault, so that nominal damages could have been allowed, but is cited for the reasoning which is applicable to the present case as follows:

> "We are satisfied that when the plaintiff, after acquainting himself with the verdict, made no objections to its receipt and no motion that the cause be recommitted to the jury, he waived the objections now under analysis. Having waived them, they were unavailable as the basis for a motion for a new trial. The motion should, therefore, have been denied. Error was committed when it was sustained."

The following quote in *Snyder v. Amermann, Jr.*, 194 Or 675, 678, 243 P2d 1082, which was preliminary to construing a verdict, is relied on by plaintiff:

> "* * * If a verdict for special damages, it cannot stand because, under the well-recognized rule of law, before a verdict for special damages may be entered in a case of this kind, there must be a general verdict."

There the jury returned a verdict construed to be for special damages only, but plaintiff suffered substantial injury. Plaintiff appealed from an order denying a motion for new trial. This was reversed on appeal, and the appellate court fixed general damages. That case is not in point, as it does not appear that counsel were present when the verdict was returned. In the light of the *Fischer v. Howard* decision, the quote in *Snyder v. Amermann* is construed to mean that the verdict for special damages alone could not stand under the circumstances of that particular case.

Herein plaintiff charges the jury with misconduct by an arbitrary failure to heed the court's charge. The instructions on damages were as follows:

"You will assess such sum as general damages as you find will fairly and reasonably compensate Mr. Edmonds for his injuries, if any, but not to exceed the sum of $36,000 * * *. You may also allow him special damages, should you find he is entitled to recover, * * * but not to exceed $970.35."

Two forms of verdict were read to the jury and taken to the jury room. One was identical to the above verdict form except that no amounts appeared therein. This instruction did not specifically tell the jurors that special damages could be returned only if a verdict for general damages was allowed. However, at the close of the instructions plaintiff's counsel stated that he had no exceptions thereto. No misconduct on the part of the jury is found.

It should be noted that plaintiff suffered no permanent injury; that his doctor diagnosed the injury as a sprain of the muscles and ligaments of the cervical and upper dorsal part of the spine resulting from a whiplash type of injury. Some nervousness resulted. There was a sharp conflict in the medical testimony as to whether the injury was severe or mild.

Plaintiff cited Art I, § 10, of the Oregon Constitution, reading in part:

"* * * every man shall have remedy by due course of law for injury done him in his person, property, or reputation."

It is apparent that plaintiff had his remedy through a jury trial and by an opportunity to object successfully to the verdict returned.

Plaintiff charged the jurors with being capricious and preoccupied with their own concerns to the extent that a failure of justice occurred. He relied on a series of articles written by a member of the jury panel and published in the Oregonian subsequent to the trial. It does not appear that the impressionable juror sat in the case nor that her mental reactions were known to or shared by the trial jury in the case nor influenced anyone.

■ Consonant with the rights reserved to litigants by the constitution and laws, there must be reasonable rules for bringing litigation to an end. We hold that the right to object to a verdict because it allows special damages not supported by an allowance of general damages may be waived, and that such right was waived by plaintiff in this case.

Affirmed.