Argued October 5, affirmed November 7, 1962

# SHULTZ *v.* MONTEREY
### 375 P. 2d 829

*Charles Paulson*, Portland, argued the cause for appellant. With him on the brief were Peterson, Lent & Paulson, Portland.

*Francis E. Marsh*, McMinnville, argued the cause for respondent. With him on the brief were Eugene K. Richardson, Newport, and Marsh, Marsh, Dashney & Cushing, McMinnville.

Before McAllister, Chief Justice, and Sloan, O'Connell, Lusk and Denecke, Justices.

McALLISTER, C. J.

This is an action for damages for personal injuries sustained by plaintiff while alighting from an automobile operated by defendant. The jury returned a verdict for plaintiff in the sum of $10,000 general damages and $480 special damages, and judgment was entered on the verdict. Thereafter the court on motion of defendant granted a new trial, and plaintiff appeals.

The motion for new trial challenged the validity of the verdict and we dispose of the case on that ground. It is well settled that an order granting a new trial will not be reversed if it should be sustained on any ground assigned in the motion. *Hillman v. North. Wasco Co. PUD*, 213 Or 264, 275, 323 P2d 664 (1958), and earlier cases there cited.

When the verdict was returned the following proceedings occurred:

"THE COURT: Ladies and gentlemen of the jury, have you arrived at a verdict?

"FOREMAN: We have, Your Honor.

"THE COURT: You may pass it up to the court through the bailiff.

"(Whereupon the verdict was handed to the court)

"THE COURT: Omitting the title of the court and cause: 'We, the Jury, being duly empaneled and sworn well and truly to try the above entitled cause, do find our verdict in favor of the plaintiff, Irene Shultz, and against the defendant, William Monterey, and do assess plaintiff's damages in the sum of ten thousand dollars general damages and the further sum of four hundred eighty dollars special damages. Dated this 28th day of July, 1961. Signed, Doris Conrad, Foreman.'

"Does counsel wish to have the jury polled?

"MR. PAULSON: No, Your Honor.

"MR. RICHARDSON: Yes, please Your Honor.

"THE COURT: Counsel wish to have the jury polled on both elements of damages?

"MR. RICHARDSON: Just that it would be the verdict of the individual jurors.

"THE COURT: Ladies and gentlemen, there has been a request to have the jury polled and so I'll ask you each this question: 'Is this your verdict?' As I call off your names, you may answer yes or no as the case may be.

"THE COURT: Mr. Holger?

"MR. HOLGER: Yes.

"THE COURT: Mrs. Conrad?

"MRS. CONRAD: Yes.

"THE COURT: Mrs. Ames?

"MRS. AMES: Yes and no.

"THE COURT: Mrs. Becker?

"MRS. BECKER: Yes.

"THE COURT: Mr. Thompson?

"MR. THOMPSON: Yes.

"THE COURT: Mrs. Sieja?

"MRS. SIEJA: Yes.

"THE COURT: Mrs. Hespack?

"MRS. HESPACK: Yes and no.

"THE COURT: Mrs. Burrus?·

"MRS. BURRUS: Yes.

"THE COURT: Mrs. Spencer?

"MRS. SPENCER: Yes.

"THE COURT: Mrs. Hodges?

"MRS. HODGES: Yes and no.

"THE COURT: Mr. Sherrett?

"MR. SHERRETT: No and yes.

"THE COURT: Mr. Wenner?

"MR. WENNER: Yes.

"THE COURT: The verdict will be received and filed and the jury discharged."

■■ Article VII, § 5, of the Oregon Constitution requires the concurrence of three-fourths of the jury to render a verdict in civil cases. This means that not less than nine jurors must agree to the verdict and the same nine jurors must agree on all issues determined by the verdict. *Clark v. Strain et al,* 212 Or 357, 364, 319 P2d 940 (1958); *Freeman v. Wentworth & Irwin, Inc.,* 139 Or 1, 15, 7 P2d 796 (1932). The poll of the jury in the case at bar revealed that only eight jurors agreed to the verdict, while four of the jurors disagreed as to one or more of the issues determined thereby. Under those circumstances the verdict was invalid and should not have been received. The jury should have been sent out for further deliberation. ORS 17.355(2).

■ Plaintiff argues that by failing to object to the verdict before it was received and filed defendant

waived his right to object thereto, citing *Fischer v. Howard,* 201 Or 426, 271 P2d 1059, 49 ALR2d 1301 (1954) and *Edmonds v. Erion et al,* 221 Or 104, 350 P2d 700 (1960). As pointed out in *Clark v. Strain,* supra at 367, it is only when the verdict is "informal" or "insufficient" that the defect is waived by failing to object promptly. A verdict concurred in by less than three-fourths of the jury is invalid, and the failure to object thereto before the verdict is received and filed does not constitute a waiver of such invalidity.

The court below properly granted a new trial because of its error in receiving an invalid verdict.

The judgment is affirmed.