Argued October 25, 1976, affirmed January 13, 1977

# BIG BEND AGRICULTURAL COOPERATIVE, INC., *Appellant,*

*v.*

# TIM'S TRUCKS, INC., *Respondent.*
## (TC L-10, 699, SC P-2484)
### 558 P2d 844

Milo Pope, Milton-Freewater, argued the cause and filed a brief for appellant.

W. Eugene Hallman, of Mautz and Hallman, Pendleton, argued the cause and filed a brief for respondent.

Before Denecke, Chief Justice, and *O'Connell, Holman, Tongue, Howell and *Bryson, Justices.

TONGUE, J.

---

*O'Connell and Bryson, Justices, did not participate in this decision.

## TONGUE, J.

This is an action for breach of a contract to sell 12 truck trailers. Plaintiff sued for the return of $1,500 and the certificate of title to a truck trailer which is alleged to have been delivered to defendant as security for performance of the contract. Defendant denied these allegations and counterclaimed for $4,500 which it alleged to be still due under the contract and offered to then return the title to the trailer.

The case was tried before a jury, which returned a verdict "in favor of Defendant and assess[ed] Defendant's damages at $0." At that time, the trial judge inquired whether it was the intent of the verdict "that the Defendant is entitled to then keep the $1,500 and the title to the trailer." That was then the "consensus" of 10 of the 12 jurors.

Attorneys for both parties were present when the verdict was returned and neither objected to the verdict as inconsistent or otherwise improper. Neither did either of them request that the jury be reinstructed to correct any inconsistencies in that verdict.

Plaintiff later filed a motion for a new trial under ORS 17.610(2) and (6), contending that the jury was guilty of misconduct and that there was insufficient evidence to support the verdict because it was "clearly based upon compromise and the jury failed to decide the basic issues of fact" and that it was also improper because it "finds for a party upon affirmative allegations yet awards that party no damages."

Plaintiff's assignment of error on this appeal is as follows:

> "The trial court erred in receiving the verdict because there was not and could not be any evidence to support it. Either the $1500 paid by plaintiff was a returnable pledge upon payment of the contract or it was only a portion of the down payment as contended by defendant. The verdict is impossible under the pleadings and must be set aside."

Defendant contends that the assignment is improper and insufficient and that, in any event, plaintiff waived any objection to the order by failing to object at the time of the return of the verdict.

We agree. Rule 6.18 of the Rules of Procedure of this court requires that:

"* * * The assignment of error must be specific and must set out verbatim the pertinent portions of the record. Assignments of error which the court can consider only by searching the record for the proceeding complained of will not be considered."

In this case the record of the case shows that no objection was made to this verdict at the time that it was received. In *Smith v. J. C. Penney Co.,* 269 Or 643, 655, 525 P2d 1299 (1974), we repeated the following rule, based upon previous decisions by this court:

"* * * In all cases in which the validity of a verdict is doubtful, an objection must be made in order that the trial court can decide whether the verdict is faulty. If it is, the trial court can decide whether to resubmit the case to the jury and have the case decided correctly by the jury which has heard the case."[1]

As also held in *Fischer v. Howard,* 201 Or 426, 463, 271 P2d 1059 (1954), the right to object to an improper verdict is waived when not made at the time of the return of the verdict and "cannot be reclaimed and revived by resort to a motion for a new trial."

To the same effect, see *Null v. Siegrist,* 262 Or 264, 268-69, 497 P2d 664 (1972); *Mullins v. Rowe et ux,* 222 Or 519, 524, 353 P2d 861 (1960); *Edmonds v. Erion et al,* 221 Or 104, 350 P2d 700 (1960); *State ex rel Amore v. Wilkinson,* 212 Or 236, 319 P2d 893 (1957).

The judgment of the trial court is affirmed.

---

[1] ORS 17.355(2) provides:

"(2) When a verdict is given, and before it is filed, the jury may be polled on the request of either party, for which purpose each shall be asked whether it is his verdict; if a less number of jurors answer in the affirmative than the number required to render a verdict, the jury shall be sent out for further deliberation. If the verdict is informal or insufficient, it may be corrected by the jury under the advice of the court, or the jury may be again sent out."