Argued and submitted May 3, 1995; resubmitted May 27, decision of the Court of
Appeals affirmed, case remanded to the circuit court with instructions
December 10, 1998

BUILDING STRUCTURES, INC.,
an Oregon corporation,
*Respondent on Review,*

*v.*

Gary C. YOUNG,
Melody Young,
and Young Equipment Sales Co., Inc.,
an Oregon corporation,
*Petitioners on Review.*

(CC 90-9-141; CA A71758; SC S41820)

968 P2d 1287

Jay W. Beattie, of Lindsay, Hart, Neil & Weigler, Portland, argued the cause and filed the petition for petitioners on review.

W. Theodore Guthrie, Portland, argued the cause and filed the response for respondent on review.

Before Carson, Chief Justice, and Gillette, Van Hoomissen, Durham, and Kulongoski, Justices.**

DURHAM, J.

** Unis, J., retired June 30, 1996, and did not participate in this decision. Fadeley, J., retired January 31, 1998, and did not participate in this decision. Graber, J., resigned March 31, 1998, and did not participate in this decision. Leeson, J., did not participate in the consideration or decision of this case.

## DURHAM, J.

This action arises from a dispute over a contract to build a commercial building. Plaintiff brought four claims against defendants, including breach of contract and fraud. The jury returned a verdict and the court entered judgment for plaintiff. However, the court subsequently granted a new trial on the fraud claim, because the jury had awarded punitive damages but no compensatory damages for fraud.

Plaintiff appealed and the Court of Appeals held that the circuit court had erred in granting a new trial. *Building Structures, Inc. v. Young*, 131 Or App 88, 94, 883 P2d 1308 (1994). The Court of Appeals decided that, although defendants had asserted that the jury's award of punitive damages on the fraud claim was defective, defendants had failed to raise that objection when the jury still was present. *Id.* at 93. The Court of Appeals reasoned that defendants' failure to raise that objection in a timely manner deprived plaintiff and the circuit court of the opportunity to resubmit the verdict to the jury for correction and constituted a waiver of the objection. *Id.* at 92. Based on the foregoing, the Court of Appeals held that, because defendants had waived their objection to the verdict, and therefore were foreclosed from subsequently attacking the resulting judgment based on the verdict, the circuit court had erred in granting a new trial. The Court of Appeals stated:

> "In this case, defendants allowed a patently defective verdict to stand. Then, after the jury was discharged, they sought to take advantage of the defect. As in *Smith* [*v. J. C. Penney Co.*, 269 Or 643, 525 P2d 1299 (1974),] and *Marquam* [*Investment Corp. v. Myers*, 35 Or App 23, 581 P2d 545, *rev den* 284 Or 341 (1978)], that sort of 'laying in the weeds' is impermissible."

131 Or App at 93. For the reasons that follow, we agree with the Court of Appeals.

The underlying facts are not pertinent to the resolution of the question before this court. It is sufficient to state that defendants retained plaintiff to design and construct a commercial building. A dispute arose between the parties, defendants contracted with another builder to complete the

project, and this action followed. Plaintiff sought damages on theories of breach of contract, *quantum meruit*, and fraud. Defendants admitted liability on *quantum meruit* for the value of plaintiff's design work, but denied liability on the other claims.

The case was tried to a jury. The jury returned a special verdict for plaintiff for $23,450 on the breach of contract claim. With respect to the fraud claim, the special verdict stated:

"4.   Are defendants liable to plaintiff for fraud?

"Answer ___ Yes ___ (Yes or No)

"If you answered 'yes', go to Question No. 5. If you answered 'No', do *not* answer any further questions, sign and return this verdict form.

"5.   What is the amount of plaintiff's damages as a result of defendants' fraud?

"Answer $ ___ -0- ___ (General Damages)[1]

"Answer $ 51,550.00 (Punitive Damages)"

(Emphasis in original.)

Neither party objected to the verdict. The court received it and dismissed the jury. The court entered judgment for, among other things, the amount of the punitive damages awarded to plaintiff on the fraud claim.

Later, defendants moved for judgment notwithstanding the verdict, ORCP 63, or in the alternative for a new trial, ORCP 64, on the breach of contract and fraud claims. The court denied the motions with respect to the breach of contract claim. With respect to the fraud claim, defendants argued that the jury's verdict for punitive damages was erroneous and defective because the jury did not award compensatory damages for fraud. The court denied the motion for judgment notwithstanding the verdict, but granted the motion for a new trial on the fraud claim.

---

[1] The definition of the terms "economic damages" and "noneconomic damages" that appear in ORS 18.560(2) apply in a civil action seeking damages arising out of bodily injury. Those terms and their statutory definitions are inapplicable to this case because plaintiff's alleged damages do not arise out of bodily injury.

Plaintiff appealed the order granting a new trial. Defendants cross-appealed, arguing, as pertinent, that the court should have entered judgment notwithstanding the verdict on the fraud claim in plaintiff's favor for zero damages. The Court of Appeals reversed on plaintiff's appeal and affirmed on defendants' cross-appeal.

Defendants contend that the verdict on the fraud claim is legally defective due to the lack of an award of actual damages for fraud and that the court must set aside the award of punitive damages for that reason. Plaintiff responds that the verdict in favor of plaintiff for punitive damages complies with Oregon law and is not defective. As a consequence of their dispute about whether the jury's award of punitive damages to plaintiff is defective or valid, the parties each contend that, by failing to object to the verdict when the jury was present, the other party waived any objection to the verdict or to the judgment based on the verdict.

We begin by noting this court's general rule, on which defendants rely, to the effect that a jury may not award punitive damages in the absence of an award of actual damages to the plaintiff. *See Klinicki v. Lundgren*, 298 Or 662, 686, 695 P2d 906 (1985) (except in cases involving breach of public trust or presumed damages, plaintiff may recover punitive damages only if plaintiff "was somehow actually hurt and damaged by the defendant's conduct"); *Crouter v. United Adjusters, Inc.*, 259 Or 348, 364, 485 P2d 1208 (1971) (punitive damages are not recoverable absent proof of actual damages).

The question before us concerns the effect, if any, on the validity of the verdict of defendants' failure to object to the verdict when the jury returned it. This court addressed a closely analogous question in *Edmonds v. Erion et al*, 221 Or 104, 350 P2d 700 (1960). That case involved a claim for damages for personal injury resulting from an automobile accident. The jury returned a verdict for plaintiff for substantial economic damages but for zero noneconomic damages. The court acknowledged the existence of a general rule regarding verdicts for economic damages only:

"The general rule governing recovery in actions for damages based on ordinary negligence is that there can be no

verdict for [economic] damages unless a verdict for [non-economic] damages is had. The obvious reason for that is that if the claimant suffered no [noneconomic] damages then he could not have incurred [economic] damages."

*Id.* at 105. We note that that general rule is indistinguishable analytically from the general rule recited above regarding the necessity of proof of actual damages as a predicate to an award of punitive damages.[2]

In *Edmonds*, neither party objected to the verdict when the jury returned it. The court entered judgment for the amount of economic damages awarded by the jury. Later, the plaintiff moved for a new trial. The court denied the motion. The plaintiff appealed, assigning error to the court's receipt of the verdict and the denial of the motion for a new trial. This court described the issue as follows:

"The determination of the appeal hinges on whether the stated general rule renders the verdict conclusively invalid or whether the insufficiency or irregularity may be waived by conduct of the parties.

"Defendants made no objection to the verdict in the trial court and have not cross-appealed. They are deemed satisfied therewith. [*Former*] ORS 17.355, governing procedure when the jury returns into court with a verdict, provides in part:

---

[2] The general rules are subject to some exceptions. As this court noted in *Klinicki*, 298 Or at 686:

"[A]n award of punitive damages coupled with an award of only nominal damages is proper when the case involves special circumstances * * *."

As examples of cases that involve special circumstances, the court cited those that demonstrate a breach of a fiduciary duty by a public officer, *Lane County v. Wood*, 298 Or 191, 203, 691 P2d 473 (1984), and those in which damages are presumed, such as invasion of privacy, *Hinish v. Meier & Frank Co.*, 166 Or 482, 506-07, 113 P2d 438 (1941), wrongful attachment of property, *Crouter*, 259 Or at 365, and trespass, *Rhodes v. Harwood*, 273 Or 903, 926-27, 544 P2d 147 (1975). *Klinicki*, 298 Or at 686.

For a discussion of the circumstances in which a jury may return a verdict for economic damages without an award of noneconomic damages, see *Wheeler v. Huston*, 288 Or 467, 479-82, 605 P2d 1339 (1980) (confirming that objection to verdict for claimed economic damages only is subject to waiver by failure to object while jury is present).

" '* * * If the verdict is informal or insufficient, it may be corrected by the jury under the advice of the court, or the jury may be again sent out.'

"Counsel for plaintiff was present when the above verdict was returned in court. He knew the contents thereof at the time, but made no objection to its being received by the court and filed with the clerk for entry in the journal. The verdict was irregular and insufficient, and on timely objection plaintiff was entitled to have it resubmitted to the jury with appropriate instruction or otherwise disposed of in the discretion of the court."

*Edmonds*, 221 Or at 106.

The statute cited by the *Edmonds* court, *former* ORS 17.355, survives without substantial change as ORCP 59 G(4), which provides:

"If the verdict is informal or insufficient, it may be corrected by the jury under the advice of the court, or the jury may be required to deliberate further."

*Edmonds* thus confirms that a jury's improper designation in its verdict of an award of economic damages without an award of noneconomic damages is an example of an irregularity or insufficiency in the verdict that is subject to ORCP 59 G(4).

The *Edmonds* opinion continued:

"In *Fischer v. Howard*, 201 Or 426, 271 P2d 1059 [(1954)], the jury returned a verdict for $1 for [noneconomic] damages, $1 for punitive damages, and $35 [economic] damages. Counsel for both parties were present when the verdict was returned. They were informed of the verdict and neither asked that it be corrected nor that the jury be again sent out. The verdict was received and judgment entered for $37 in plaintiff's favor. Plaintiff later moved for a new trial, which was allowed. Defendant appealed from the order allowing the new trial, and on appeal the order was reversed. That case differed in that the action was for an assault, so that nominal damages could have been allowed, but is cited for the reasoning which is applicable to the present case as follows:

" 'We are satisfied that when the plaintiff, after acquainting himself with the verdict, made no objections to its receipt and no motion that the cause be recommitted to the jury, he waived the objections now under analysis. Having waived them, they were unavailable as the basis for a motion for a new trial. The motion should, therefore, have been denied. Error was committed when it was sustained.'

"* * * * *

"Consonant with the rights reserved to litigants by the constitution and laws, there must be reasonable rules for bringing litigation to an end. *We hold that the right to object to a verdict because it allows [economic] damages not supported by an allowance of [noneconomic] damages may be waived, and that such right was waived by plaintiff in this case.*"

221 Or at 106-09 (emphasis added).

Three months after it announced the decision in *Edmonds*, this court decided *Mullins v. Rowe et ux*, 222 Or 519, 353 P2d 861 (1960). In *Mullins*, the plaintiff sought substantial noneconomic and economic damages. The jury returned a verdict for the plaintiff for $332 for noneconomic damages and $0 for economic damages. According to the evidence, the plaintiff had spent $332 on medical services. The plaintiff did not object when the jury was present, but later moved for and obtained an order of the court setting aside the verdict and granting a new trial. The plaintiff argued that, in reality, the jury had awarded economic damages but had failed to support that award with a verdict for noneconomic damages. This court reversed and ordered reinstatement of the verdict and judgment based on the verdict, stating the following rules:

"(1)  The time to object to a defective verdict, if it is defective, is while the jury is still on hand so that the trial court can resubmit the matter with proper instructions.

"(2)  An objection not taken when the verdict is returned into court is waived.

"(3)  The only correct procedure to follow is to resubmit the matter to the same jury.

"* * * * *

"In the case before us the record is free from legal error. The trial judge understandably disagreed with the verdict. But if the verdict was erroneous, it was an error only the jury could remedy."

*Mullins*, 222 Or at 524-25.

In a number of cases following *Edmonds* and *Mullins*, this court has confirmed that, by failing to object when the jury is present, a party waives objection to the jury's failure to accompany an award of economic damages with an award of noneconomic damages. For example, in *Null v. Siegrist*, 262 Or 264, 497 P2d 664 (1972), the jury returned a verdict for the plaintiff for $1 for noneconomic damages and $256 for economic damages, and the court entered judgment on the verdict. The court denied the plaintiff's motion for a new trial and this court affirmed, stating:

"The law is well-established in this state in cases similar to the case at bar that if counsel is present, or had a reasonable opportunity to be present, and made no objection or challenge to the form of the verdict returned by the jury, the insufficiency or irregularity of the verdict is waived."

*Null*, 262 Or at 268-69 (citations omitted).

To the same effect, see *Big Bend Agric. Coop. v. Tim's Trucks*, 277 Or 17, 20, 558 P2d 844 (1977) (plaintiff waived any objection to verdict favoring defendant by failing to object when jury was present); *Kriner v. Weaver*, 276 Or 741, 744-45, 556 P2d 652 (1976) (where verdict awarded only economic damages, plaintiff waived "any claimed irregularity" of the verdict by failing to object when the court received the verdict; court reversed order granting a new trial and ordered reinstatement of the judgment on the jury's verdict); *Skourtis v. Ellis*, 272 Or 149, 151, 535 P2d 1367 (1975) (where jury awarded no noneconomic damages but substantial economic damages, plaintiff waived objection by failing to object before court received the verdict and discharged the jury); *Clubb v. Hanson*, 272 Or 236, 245-47, 536 P2d 528 (1975) (defendants waived any error or irregularity in the jury's special findings of fact by failing to object when the verdict was returned; trial court correctly denied defendants' motion for new trial).

This court summarized the rule in those cases in *Smith v. J. C. Penney Co.*, 269 Or 643, 654-55, 525 P2d 1299 (1974):

"We * * * were of the opinion [in *Fischer*] that a contemporaneous objection [to the verdict] was required by ORS 17.355(2). 201 Or at 433.

"* * * * *

"* * * There is no reason why a verdict that may be defective on the issue of damages should be treated differently than a verdict that may be defective on the issue of liability. The underlying basis for the line of reasoning adopted by this court in these defective verdict cases is the promotion of justice and the efficient administration of justice. In all cases in which the validity of a verdict is doubtful, an objection must be made in order that the trial court can decide whether the verdict is faulty. If it is, the trial court can decide whether to resubmit the case to the jury and have the case decided correctly by the jury which has heard the case."

*Rhodes v. Harwood*, 273 Or 903, 926, 544 P2d 147 (1975), confirms that the contemporaneous objection requirement described in the foregoing cases applies equally in the context of an arguably defective award of punitive damages. In *Rhodes*, the jury returned a verdict for each plaintiff that included awards of punitive damages for trespass in the sum of $1,500 and awards of general damages of $1. The defendant argued, just as defendants argue here, that

"the law in Oregon is well settled that punitive damages are not recoverable in the absence of an award of actual and substantial compensatory damages."

*Rhodes*, 273 Or at 925. The plaintiffs argued in response that the defendant had failed to make a timely objection to the sufficiency of the verdict before the court discharged the jury. This court concluded that the defendant had made a timely and continuing objection, before the court discharged the jury, to the propriety of the verdict, *i.e.*, that the jury had awarded punitive damages for trespass but also had concluded that the plaintiffs had suffered no actual damage on the trespass claim. *Id.* at 926. The court's analysis of the timeliness of the defendant's objection to the verdict would

have served no purpose if the defendant had no obligation to object to the verdict before the court had discharged the jury.

The logic of the decisions summarized above is inescapable. Subject to certain exceptions noted above, our cases have relied on a similar rationale in requiring an award of noneconomic damages to support an award of economic damages and in requiring an award of actual damages to support an award of punitive damages. Either party may assert that a verdict is defective because it violates those rules, but a party waives that objection by failing to assert it "while the jury is still on hand so that the trial court can resubmit the matter with proper instructions." *Smith*, 269 Or at 653 (citation omitted). The only correct procedure for curing the defect is "to resubmit the matter to the same jury." *Id.* at 654. If neither party objects to receipt of the verdict when the jury returns it, the court may assume that the parties are satisfied with the amount or amounts awarded, if any, and enter judgment accordingly. As this court said in *Fischer*, 201 Or at 463:

> "Plainly, a litigant who wishes to present the contentions offered by this appeal [*i.e.*, that the verdict is defective because it awards economic damages but lacks a substantial award of noneconomic damages] must object promptly when he observes the irregularity or forfeit his right to object. Rights to object which have been waived cannot be reclaimed and revived by resort to a motion for a new trial."

Defendants argue that the verdict here, in reality, was one for defendants, not a defective verdict for plaintiff, because the jury's failure to award actual damages necessarily means that plaintiff failed to prove that it had suffered harm from the alleged fraud, and that it was therefore incumbent on *plaintiff* to object to the verdict. Defendants rely on *State ex rel Sam's Texaco & Towing, Inc. v. Gallagher*, 314 Or 652, 842 P2d 383 (1992), *Klinicki*, and ORCP 61 A(2).[3]

---

[3] ORCP 61 A(2) states:

"When a general verdict is found in favor of a party asserting a claim for the recovery of money, the jury shall also assess the amount of recovery. A specific designation by a jury that no amount of recovery shall be had complies with this subsection."

Defendants appear to recognize that that argument, if accepted, would support entry of judgment for defendants, not the order entered here granting a new trial because the verdict was defective. They rely on that argument not to defend the judgment on appeal but, instead (in their words) to support the "circuit court's refusal to enter a judgment including punitive damages" on the fraud claim, and they assert that argument "subject to the disposition of the cross-appeal." Because defendants' argument, if accepted, would result in a reversal or modification of the judgment, we consider it in the context of defendants' cross-appeal, and do not consider it as an alternative argument that supports the circuit court's judgment. *See* ORAP 5.57(2); *Artman v. Ray*, 263 Or 529, 533, 501 P2d 63 (1972) (cross-appeal unnecessary if the respondent seeks to sustain the judgment below).

On their cross-appeal, defendants assign error to the court's decision

"* * * granting a new trial on plaintiff's fraud claim rather than entering judgment [notwithstanding the verdict] on that claim without an award of punitive damages * * *."

Defendants raised that argument in connection with their motion for judgment notwithstanding the verdict and for a new trial after the court had entered judgment on the jury verdict.

◼  Defendants acknowledge that an order denying a judgment notwithstanding the verdict is not appealable, *Stahl v. Krasowski*, 281 Or 33, 36, 573 P2d 309 (1978), and that defendants did not make the "motion for a directed verdict * * * at the close of all the evidence," ORCP 63 A,[4] that is the necessary predicate for entry of a judgment notwithstanding the verdict under ORCP 63. Despite those problems, defendants argue that theirs is not a "garden-variety" motion for judgment notwithstanding the verdict, because

---

[4] ORCP 63 A states:

"When a motion for a directed verdict, made at the close of all the evidence, which should have been granted has been refused and a verdict is rendered against the applicant, the court may, on motion, render a judgment notwithstanding the verdict, or set aside any judgment which may have been entered and render another judgment, as the case may require."

they could not have raised the alleged error on which they rely in a preverdict motion.

We are not persuaded. Defendants' argument disregards the requirement under ORCP 63 A that a motion for judgment notwithstanding the verdict be preceded by the denial of a motion for directed verdict made at the close of all the evidence. As the cases discussed above demonstrate, defendants' proper course was to treat the verdict as one that embodied a defect and to raise that objection before the court discharged the jury.

The authorities on which defendants rely do not require a different result, because they are distinguishable. Neither *Sam's Texaco & Towing* nor *Klinicki* involved the procedural consequences that attend a party's failure to object to a defective jury verdict that awards punitive damages but no actual damages. *Sam's Texaco & Towing* held that a jury's dispositive answers to questions about the defendant's liability on a special verdict form provided the basis for a judgment for the defendant despite the jury's failure to answer other questions on the form, such as those concerning the amount of damages. *Sam's Texaco & Towing*, 314 Or at 660-61. *Klinicki* held that a party's liability for the equitable remedy of an accounting entailed no proof of harm to the other party, let alone the oppressive or malicious injury that arguably might furnish the basis for an award of punitive damages. *Klinicki*, 298 Or at 686-88. *Klinicki* applied the general rule, noted earlier, that actual harm must underlie an award of punitive damages, *id.* at 686, but the court did not apply, and the opinion does not address, the waiver rule on which this case turns.

Neither is ORCP 61 A(2) applicable. That rule purports to control only if the verdict is a general verdict that contains a specific designation that no amount of recovery shall be had. The verdict here was a special verdict that purported to award substantial punitive damages.

Finally, defendants argue that, for practical reasons, the court cannot expect them to object under the circumstances. They contend that an objection would invite the jury, by implication, to award even greater damages against them in order to support the punitive damages award.

That argument is a telling reminder of the important policy reasons that support the requirement of a timely objection to a defect in a jury verdict. *Both* parties faced some degree of risk in deciding whether to object to the jury's verdict. Each party potentially could have objected and argued that the verdict was defective due to the absence of an award of actual damages. Such an objection would have permitted the court to allow the jury to correct the verdict or to deliberate further, as contemplated by ORCP 59 G(4). However, the outcome of such further proceedings would have been unpredictable. On the one hand, as defendants contend, the jury might have added an award of actual damages to its fraud verdict, thereby supporting the existing punitive damages award. On the other hand, the jury might have stricken the punitive damages award because it was not willing to award actual damages to plaintiff on the fraud claim. The jury also might have taken other corrective action to eliminate the defect.

By choosing not to object, defendants impeded the proper functioning of the procedure, described in ORCP 59 G(4) and discussed in our cases, for obtaining a timely correction by the jury of a defective verdict. That choice would lead to the needless retrial of cases, with the attendant burdens to litigants and the justice system of greater delay and expense. *See Fischer*, 201 Or at 454:

> "Objections which urge irregularities and lack of proper form will be treated as waived unless they were voiced before the jury was discharged. * * * When reconciled in the manner just indicated, effect is given to § 5-319 [now ORCP 59 G(4)] and a simple rule of procedure is had which can be easily employed. The rule minimizes retrials. Any rule which obviates needless retrials renders the administration of justice more prompt and less expensive. The rule which we have distilled from our previous decisions does not reward with a new trial a party who sits mute when he should have spoken."

We hold that defendants waived their objection to the defect in the jury's verdict by failing to object when the jury was present. Defendants cannot remain silent, permit the trial court to discharge the jury and enter a judgment for the amounts awarded by the jury, and then, at a later date,

seek a new trial because the verdict contains a defect. Because defendants waived their objection to the verdict, they are not permitted to rely later on the same objection in seeking a new trial. The trial court erred in granting a new trial on the basis of a claim of error that defendant had waived.[5] *See Beglau v. Albertus*, 272 Or 170, 180, 536 P2d 1251 (1975) (trial court may order a new trial only for prejudicial error).

The decision of the Court of Appeals is affirmed. The case is remanded to the circuit court with instructions to enter judgment on plaintiff's fraud claim consistent with the jury verdict.

---

[5] We reject, without discussion, defendants' separate arguments that the parties' contract was too indefinite to enforce and that the record contains insufficient proof of a fraudulent misrepresentation by defendants.