Argued and submitted March 13, reversed and remanded November 1, appellant's
petition for reconsideration filed November 14, and respondents' response to
petition filed December 5, 2000, allowed by opinion February 21, 2001
See 172 Or App 490 (2001)

GREAT WEST CONSTRUCTION COMPANY,
an Oregon corporation,
*Appellant,*

*v.*

MARTIN CORPORATION,
an Oregon corporation,
Michael L. Martin, Jinny R. Martin
and Aquatic Designs, Inc.,
an Oregon corporation,
*Respondents.*

MARTIN CORPORATION,
*Third-Party Plaintiff,*

*v.*

JACKSON SCHOOL VILLAGE
LIMITED PARTNERSHIP,
*Third-Party Defendant.*

(9607-05717; CA A100353)

13 P3d 1016

S. Ward Greene argued the cause for appellant. With him on the briefs were M. Elizabeth Duncan and Greene & Markley, P.C.

G. Kenneth Shiroishi argued the cause for respondents Martin Corporation and Michael L. Martin. With him on the brief were Mitchell C. Baker and Dunn, Carney, Allen, Higgins & Tongue.

No appearance for respondents Jinny R. Martin and Aquatic Designs, Inc.

Before Landau, Presiding Judge, and Linder and Brewer, Judges.

LANDAU, P. J.

## LANDAU, P. J.

Plaintiff initiated this action for breach of contract. Defendant Martin Corporation (defendant) counterclaimed for breach, as well. Both claims were submitted to the jury, which returned a special verdict finding that both parties had breached, but that plaintiff's damages exceeded defendant's. After the jury was excused, the trial court announced its intention to enter a judgment in favor of plaintiff for the net amount of damages. Defendant moved for judgment in its favor, arguing that the jury's favorable verdict on the counterclaim excused its performance as a matter of law, effectively nullifying the verdict in favor of plaintiff. The trial court agreed and entered judgment accordingly. Plaintiff appeals, arguing that, by waiting until the jury had been excused before moving for judgment in its favor, defendant waived its argument that the jury's verdicts were inconsistent. We agree and reverse and remand for entry of judgment in favor of plaintiff.

The facts relevant to the disposition of the appeal are not in dispute. Plaintiff was the prime contractor on a construction project. Plaintiff hired defendant to install plumbing and plumbing fixtures for the project. Their contract required that defendant's work be done according to a set schedule. The project fell behind schedule, and the parties fell into disagreement over progress payments. Defendant removed some of its equipment from the job site. Plaintiff interpreted the move as abandonment of the job, terminated the contract, and hired another plumbing contractor.

Plaintiff filed its complaint for breach of contract, alleging as damages the increased cost of completing the project because defendant walked off the job. Defendant counterclaimed for breach, alleging that plaintiff failed to schedule, plan, and maintain the work site in a way that enabled it to complete its work on schedule.

The case was tried to a jury. The parties submitted a special verdict form, which first asked whether defendant breached the contract by walking off the job and, if so, the amount of damages that resulted. It then asked the jury whether plaintiff also breached the contract by failing to

schedule, plan, and maintain the work site properly and, if so, the amount of damages that resulted. No party objected to the special verdict form.

The jury returned the special verdict form answering first that defendant did breach the contract and awarded damages in the amount of $87,931.16. The jury next answered that plaintiff also breached the contract and awarded damages in the amount of $29,155.50. No party objected to the verdict, and the trial court excused the jury.

The trial court then said that it intended to enter a verdict in favor of plaintiff in the net amount of $58,775.66. At that point, defendant objected, moving for entry of judgment in its favor instead. According to defendant, the jury found that plaintiff had breached the contract by failing to schedule, plan, and maintain the work site properly, and that breach had the effect of excusing further performance. Hence, defendant concluded, plaintiff could not prevail on its breach of contract claim, as a matter of law. The trial court agreed and entered judgment in favor of defendant for $29,155.50.

On appeal, plaintiff argues that the trial court erred in entering judgment for defendant. Relying on *Building Structures, Inc. v. Young*, 328 Or 100, 968 P2d 1287 (1998), plaintiff contends that a party may not "lay in the weeds" and wait until the jury is excused before raising a defect in the verdict that easily could have been remedied by resubmitting the matter. In this case, plaintiff argues, defendant did precisely that, waiting until the jury was excused before bringing to the court's attention the argument that the verdicts were inconsistent. We agree with plaintiff.

*Building Structures*, like this case, was a construction contract dispute. The defendants retained the plaintiff to design and construct a commercial building. Following a mid-construction dispute, the defendants contracted with another builder to complete the project, and the plaintiff brought an action for, among other things, fraud. The case was tried to a jury, and the jury returned a verdict in favor of the plaintiff on the fraud claim. The jury awarded $0 in general damages and $51,550 in punitive damages. Neither party objected to

the verdict, and the trial court dismissed the jury. The defendants then moved for judgment notwithstanding the verdict or, in the alternative, a new trial on the ground that the verdict for punitive damages was, in effect, a nullity because the jury had failed to award any general damages. The court denied the motion for judgment notwithstanding the verdict, but allowed the motion for a new trial on the fraud claim.

The Supreme Court reversed. The court began by noting the general rule that a jury may not award punitive damages in the absence of an award of actual damages. *Building Structures,* 328 Or at 104 (citing *Klinicki v. Lundgren,* 298 Or 662, 686, 695 P2d 906 (1985)). That meant, the court stated, that the dispositive question was the effect of the defendants' failure to object to the verdict before the jury was dismissed. *Id.,* 328 Or at 104. On that question, the court reviewed its prior cases and concluded that they reflect a general rule that, by failing to object before the jury is dismissed, a party waives any error or irregularity in a jury verdict. The court explained:

> " 'The underlying basis for the line of reasoning adopted by this court in these defective verdict cases is the promotion of justice and the efficient administration of justice. In all cases in which the validity of a verdict is doubtful, an objection must be made in order that the trial court can decide whether the verdict is faulty. If it is, the trial court can decide whether to resubmit the case to the jury and have the case decided correctly by the jury which has heard the case.' "

*Id.* at 109 (quoting *Smith v. J. C. Penney Co.,* 269 Or 643, 654-55, 525 P2d 1299 (1974)).

This case is controlled by *Building Structures.* At the outset, we note that a material breach by one party excuses the other party from a duty to perform under the contract. *See, e.g., Crain v. Siegel,* 151 Or App 567, 573, 950 P2d 382 (1997) ("It is well established that when a breach or nonperformance of a promise by one party to a bilateral contract is material, it discharges the other party from a duty to perform under the contract."). In this case, the jury nevertheless found that both parties materially breached the construction contract and awarded damages to both parties. Thus, as in

*Building Structures*, we are confronted with a defective verdict. The question is the effect of defendant's failure to object to the defective verdict before the jury was dismissed. In *Building Structures*, the court held that the general rule is that a party must bring the defect to the court's attention while there is an opportunity to cure it by resubmission to the jury and that failing to do so constitutes a waiver of the defect. We can identify no reason why that general rule does not apply in this case.

Defendant argues that *Building Structures* is inapposite, because the verdicts in this case were not really inconsistent. According to defendant, the jury merely determined that both plaintiff and defendant breached the contract. It was then up to the trial judge to determine the legal significance of those facts, namely, that plaintiff's breach had the effect of excusing defendant's breach. Thus, defendant contends, it had no reason to object to the jury's verdict.

The problem with defendant's characterization of the jury's verdict is that it cannot be reconciled with what the court said and did in *Building Structures*. Indeed, were defendant correct, the Supreme Court's decision in that case would have turned out differently. In defendant's view, the trial judge in *Building Structures* should have simply ruled on the legal significance of the verdict; that is, the judge should have declared the verdict a nullity because of the absence of general damages. The Supreme Court, however, expressly rejected that argument in *Building Structures*. We do so in this case, as well.

Reversed and remanded for entry of judgment in favor of plaintiff in the amount of $58,775.66.