On respondents - cross-appellants' petition for reconsideration filed November 30, 2000, petition for reconsideration allowed; opinion (171 Or App 52, 14 P3d 631) modified and adhered to as modified May 2, 2001

## HOWMAR MATERIALS, INC., Howard Mills and Margaret Mills, *Respondents - Cross-Appellants,*

*v.*

## James E. PETERSON, Jr., *Appellant - Cross-Respondent.*

### 16-97-08036; A102527

23 P3d 409

Meg E. Kieran and Timothy J. Harold for the petition.

George W. Kelly *contra*.

Before Edmonds, Presiding Judge, and Armstrong and Kistler, Judges.

KISTLER, J.

## KISTLER, J.

Plaintiffs have petitioned for reconsideration of our decision in *Howmar Materials, Inc. v. Peterson*, 171 Or App 52, 14 P3d 631 (2000). They argue, among other things, that we erred in concluding that the jury could have awarded defendant separate damages on his counterclaims for fraudulent misrepresentation and fraudulent concealment. We allow the petition for reconsideration and adhere to our decision as modified.

In our previous opinion, we held that, in light of *Building Structures, Inc. v. Young*, 328 Or 100, 968 P2d 1287 (1998), plaintiffs' failure to ask for clarification of the verdict barred them from claiming that the jury's damage awards on their fraudulent misrepresentation and fraudulent concealment claims were duplicative. *See Howmar Materials, Inc.*, 171 Or App at 60-61. We held alternatively that, under *Hampton Tree Farms, Inc. v. Jewett*, 158 Or App 376, 386-88, 947 P2d 738, *rev den* 329 Or 61 (1999), the two damage awards were not necessarily duplicative. *See Howmar Materials, Inc.*, 171 Or App at 61-62. We explained that it was possible for the jury to have found that plaintiffs misrepresented the condition of the equipment they sold defendant and that plaintiffs also concealed material facts regarding the embankments on the property they sold defendant. *Id.* It followed, we concluded, that the evidence permitted the jury to award defendant separate damages on each counterclaim. *Id.* Because the trial court should have given full effect to the jury's verdict under either *Building Structures* or *Hampton Tree Farms*, it was not necessary for us to decide whether our reasoning in *Hampton Tree Farms* was consistent with the court's reasoning in *Building Structures*. *Id.*

■    In their petition for reconsideration, plaintiffs argue that our alternative holding under *Hampton Tree Farms* rests on an incorrect premise. They contend that, because defendant had not adequately alleged that plaintiffs had fraudulently misrepresented the condition of the equipment, we erred in saying that the losses related to the defective equipment could have formed the basis for the jury's damage award on the fraudulent misrepresentation counterclaim.

Although defendant argues otherwise, we agree with plaintiffs that defendant's pleadings were not sufficient to make plaintiffs' statements concerning the equipment part of his fraudulent misrepresentation counterclaim.[1] We continue to adhere, however, to both the rationale set out in our previous decision and the result.

■    As noted above, *Building Structures* establishes that, if the jury's verdict was ambiguous or even internally inconsistent, plaintiffs' remedy for that defect was to ask for clarification from the jury.[2] *See Building Structures,* 328 Or at 110. If plaintiffs believed that the verdict was defective because it was unclear whether the jury intended that the two damage awards should be added together or treated as duplicative, their remedy was to ask for clarification from the jury. *See id.* Plaintiffs failed to do so, instead opting to make a legal argument to the trial court while allowing the jury to be dismissed. Plaintiffs waived their opportunity to ask the jury to clarify whether the two damages awards were intended to be separate or duplicative. *Id.*; *see also Boers v. Payline Systems, Inc.,* 141 Or App 238, 247, 918 P2d 432 (1996).

■    We explained alternatively that, under *Hampton Tree Farms,* the trial court could refuse to give effect to the jury's two damage awards only if a court could say, as a matter of law, that the damages for the two claims were necessarily duplicative. We adhere to that understanding of *Hampton Tree Farms.* Put in the context of this case, the question under *Hampton Tree Farms* is whether the evidence was sufficient to permit a reasonable juror to return damage

---

[1] Defendant correctly notes that the fraudulent misrepresentation counterclaim incorporated by reference earlier allegations concerning plaintiffs' statements about the equipment's condition. The fraudulent misrepresentation counterclaim, however, also identifies four specific representations that form the basis for the counterclaim. Those representations relate solely to the condition of the embankments and the gross annual revenue generated by plaintiffs' business.

[2] In *Building Structures,* the jury returned a special verdict in which it awarded the plaintiff punitive damages but no general damages. The jury's verdict was internally inconsistent; a jury may not award punitive damages in the absence of an award of actual damages. *Building Structures,* 328 Or at 104. However, the defendant waived any objection otherwise available on those grounds by choosing to make a legal argument before the trial court rather than submitting the matter to the jury for clarification. *Id.* at 113-14.

awards on defendants' two counterclaims totaling $256,525.94. On that point, plaintiffs have not argued, and we do not find, that the total amount of damages awarded by the jury was more than the evidence would allow.[3] Defendant sought over $300,000 on each fraud counterclaim, and at the conclusion of the case, the jury was instructed that the damages were not to exceed $329,000 on the fraudulent misrepresentation claim and $320,000 on the fraudulent concealment claim. Plaintiffs do not suggest that the instructions were erroneous or that the total amount that the jury awarded on the two counterclaims was in excess of what the evidence permitted the jury to award.

We recognized in *Kilgore v. People's Savings & Loan Assn.*, 107 Or App 743, 753, 814 P2d 163 (1991), *rev dismissed* 313 Or 300 (1992), that a jury could reasonably allocate damages for the same loss between two claims for relief. It could reasonably have done so here too. To the extent that there is a question whether that is what the jury intended to do, under *Building Structures*, plaintiffs' only remedy for that defect was to ask the jury to clarify its verdict.[4] They did not do so.

---

[3] Defendant agreed to pay $480,000 for the real property and the business assets. At trial, defendant put on evidence that the real property was worth only $140,000 but that, because of plaintiffs' fraudulent misrepresentations and concealment, he believed it was worth $300,000 at the time of the transaction. In addition, according to defendant's evidence, plaintiffs told defendant that the property would generate $250,000 in annual business revenue, 40 percent of which defendant believed would be profits. Based on the amount of raw material on the property, defendant believed that he would generate that level of revenue for five or six years. Given that evidence, the jury could have found that defendant sustained well over $250,000 in damages caused by plaintiffs' fraudulent misrepresentation and fraudulent concealment.

[4] Plaintiffs also argue that our initial description of the trial court's ruling was incorrect. We stated initially:

"The jury returned a verdict in defendant's favor on his two fraud counterclaims, awarding a separate amount of damages on each counterclaim. The trial court ruled that the two damage awards duplicated each other and subtracted one from the other."

*Howmar Materials, Inc.*, 170 Or App at 54. We agree with plaintiffs that the court did not subtract one award from the other. As we later explained in the course of analyzing the court's ruling, the court subtracted the larger of the two awards from the amount that plaintiffs recovered in their foreclosure claim. We modify the quoted statement accordingly.

We have considered plaintiffs' other bases for reconsideration and deny them without discussion.

Petition for reconsideration allowed; opinion modified and adhered to as modified.