Argued and submitted October 9, 2020, affirmed March 30, 2022

Antonio McCOY,
*Plaintiff-Appellant,*

*v.*

Kevin Joseph POPMA,
*Defendant-Respondent.*

Multnomah County Circuit Court
17CV55383; A171665

509 P3d 138

Plaintiff sued defendant for personal injuries allegedly sustained in an automobile accident. The jury initially returned a verdict finding that defendant's negligence was a cause of damages to plaintiff but awarded zero damages. The trial court concluded that the verdict was inconsistent and instructed the jury to redeliberate. ORCP 59 G(4). The jury then returned a verdict for defendant, which was received by the trial court. Plaintiff appeals, contending that the trial court erred by resubmitting the entire claim to the jury rather than instructing the jury to only assess the amount of damages. *Held*: The trial court acted within its discretion in instructing the jury to redeliberate the matter in full pursuant to ORCP 59 G(4).

Affirmed.

Katharine von Ter Stegge, Judge.

Willard E. Merkel argued the cause for appellant. Also on the briefs was Merkel & Associates.

Stephanie K. Kern argued the cause and filed the brief for respondent.

Before James, Presiding Judge, and Lagesen, Chief Judge, and Kamins, Judge.

JAMES, P. J.

Affirmed.

## JAMES, P. J.

Plaintiff sued defendant for personal injuries allegedly sustained in an automobile accident. The jury initially returned a verdict finding that defendant's negligence was a cause of damages to plaintiff but awarded zero damages. The trial court concluded that the verdict was inconsistent and instructed the jury to redeliberate. ORCP 59 G(4).[1] The jury then returned a verdict for defendant, which was received by the trial court. Plaintiff appeals, contending that the trial court erred by resubmitting the entire claim to the jury rather than instructing the jury to only assess the amount of damages. We conclude that the trial court did not err in instructing the jury to redeliberate the matter in full pursuant to ORCP 59 G(4). Accordingly, we affirm.

The facts relevant to the issue before us are largely procedural and uncontested. A van driven by defendant collided with a vehicle driven by plaintiff in a parking lot. Plaintiff alleged that the collision caused him to sustain personal injuries and brought this action to recover economic damages for medical bills and lost wages and noneconomic damages for pain and suffering. Defendant admitted liability but contended that plaintiff was comparatively negligent.

In discussing proposed jury instructions, the parties and the court recognized that defendant's admission of liability could create some confusion around the questions of causation and damages. The court and plaintiff had the following colloquy:

"THE COURT:  Right. But you still have to prove causation and damages.

"[PLAINTIFF]:   I think that in the preliminary instruction on damages it says the jury must decide that the Plaintiff was damaged and the amount. And so I would assume, if it's not directly stated, it's implied there that the Plaintiff must prove each element of his damage claim.

---

[1]  ORCP 59 G(4) states that, "[i]f the verdict is informal or insufficient, it may be corrected by the jury under the advice of the court, or the jury may be required to deliberate further."

"THE COURT:   Well, I think the purpose of instructions is to state very clearly what the jury's supposed to do, not merely imply it."

After a short break, the court and the parties further discussed the jury instructions, including potential for the jury to "find [plaintiff] partially at fault" and "also determine that part of his damages were due to his own responsibility." For that reason, plaintiff argued, a causation instruction "suggests the jury has to determine that all of the injury was caused by Defendant's conduct as opposed to the possibility that some of it was due to Defendant's negligence and some of the Plaintiff's negligence." The court concluded that "the instruction that you both worked on [] comparative fault and percentage of fault" stated the issues clearly enough and that it would give a causation instruction.

Then, when discussing the proposed verdict form, the parties again discussed the causation and damages question, foreshadowing the problem that would later arise. The court noted that plaintiff's proposed verdict form "does not ask the jury to determine whether or not the accident was a cause of the injury" but observed, "maybe that's included in question 1, 'Was the Plaintiff injured in the traffic accident?'" Defendant, on the other hand, had proposed that the first question read, "Was Defendant's negligence a cause of damages to Plaintiff?" Plaintiff, however, objected to that question because "[a]ll of the damages Plaintiff seeks arise from injury. If they find no injury, then they would not be allowed to find damages. I think the question the way it's written is appropriate; it's simple, straightforward, and understandable."

The court then made changes to the verdict form:

"THE COURT:   Okay. I think in the verdict form we need to change the word 'fault' to 'negligence' so that it tracks with the instructions.

"* * * * *

"Okay. And can you change the first sentence to 'Was Defendant's negligence a cause of damages to the Plaintiff?'

"THE CLERK:   Yeah.

"THE COURT:   Okay. Cause of—it may be a *cause of damage* to the Plaintiff.

"\*\*\*\*\*

"THE COURT:   \*\*\* *Maybe 'damages'* since that's the— sorry, I know I keep going back and forth about that.

"THE CLERK:   Was Defendant's negligence a cause of damages to Plaintiff?

"THE COURT:   Yes, sure."

(Emphases added.)

Ultimately, the jury was given the following instructions on causation, damages, and the elements of a negligence claim:

"Negligence admitted, injury denied. The Defendant has admitted negligence and admits that such negligence was one cause of the accident. The issue for you to determine is whether the Plaintiff sustained any injury in this accident and, if so, the amount of damages to be awarded to the Plaintiff.

"Causation. To recover, the Plaintiff must prove by a preponderance of the evidence that the Defendant's admitted negligence *was a cause of damage to the Plaintiff.* Defendant's conduct is a *cause of the Plaintiff's injury* if the injury would not have occurred but for that conduct. Conversely, the Defendant's conduct is *not a cause of the Plaintiff's injury if the claimed damages would have occurred without that conduct.*

"Common law negligence. Plaintiff claims that Defendant was negligent, and Defendant admits that he was. But Defendant has also claimed that Plaintiff was negligent, and Plaintiff denies this. That requires the—in order to prove his claim, the Defendant must prove each of the following:

"The Plaintiff's conduct was negligent;

"The Plaintiff's negligent conduct was *a cause of harm* to the Plaintiff;

"And the harm was reasonably foreseeable."

(Emphases added.)

The jury was then given a verdict form that asked four questions, including the revised first question regarding causation of "damages." It initially returned that verdict with the following answers:

"1.   Was the Defendant's negligence a cause of damages to the Plaintiff?

"ANSWER:   <u>Yes</u> (Yes or No)

"If 'yes,' go to question 2.

"If 'no,' your verdict is for the Defendant. Do not answer any more questions. Your Presiding Juror must sign this verdict form.

"2.   Was Plaintiff negligent in one or more of the ways the Defendant claims?

"ANSWER:   <u>Yes</u> (Yes or No)

"If 'yes,' go to question 3.

"If 'no,' go to question 4. Do not answer question 3.

"3.   What is the percentage of each of the party's negligence that caused damage to the Plaintiff?

"ANSWER:   Defendant <u>50%</u>

"Plaintiff   <u>50%</u>

"(The percentages must total 100%)

"If the Plaintiff's percentage of negligence is 50% or less, go to question 4.

"If the Plaintiff's percentage of negligence is greater than 50%, your verdict is for the Defendant. Do not answer any more questions. Your Presiding Juror must sign this verdict form.

"4.   What are Plaintiff's damages?

"ANSWER: Economic Damages      $ <u>0</u>

"Noneconomic Damages $ <u>0</u>

"Do not reduce the damages by the Plaintiff's percentage of negligence, if any, because the court will do this when entering judgment."

Plaintiff objected to that verdict as unlawful, arguing that because the jury had found that defendant caused damages to plaintiff in question 1, it was required to award some amount of damages to him. Defendant responded that the jury should not merely be told to award damages but should redeliberate on all questions because the verdict was internally inconsistent with regard to whether plaintiff actually suffered any damages. The court agreed with defendant and instructed the jury to deliberate "from scratch":

"Okay. So I need to send you back out to deliberate because the way that this verdict form reads to me, there's sort of a logical inconsistency. And I don't know exactly what you were intending to do, but when you find that the Defendant's negligence is a cause of damages to Plaintiff, as you did, those words have legal significance, and they're defined in the jury instructions. So if you find that there is damage caused to the Plaintiff by the Defendant, you would need to—you'd be required to award reasonable damages of some amount based on what you thought was supported by the evidence.

"So what I'm going to do is send you out to re-deliberate and to determine whether or not—so if your answer to question 1 stays the same, then you would need—based on the evidence—to award some reasonable damages.

"I'm going to send you back to deliberate from scratch, so you can change anything you want here so long as you all agree, 5-1."

Plaintiff moved for a mistrial on the ground that the jury was not following the instructions of the court, and the court denied that motion. The jury redeliberated and returned a defense verdict, this time answering "No" to the first question. The trial court received the verdict over plaintiff's objections and again denied plaintiff's motion for mistrial. Later, plaintiff moved for a new trial on the basis of jury misconduct, irregularity in the proceeding, and the trial court's incorrect reinstruction. The court denied the motion and this appeal followed.

On appeal, plaintiff assigns error to (1) the court's refusal to accept the initial verdict on the first three questions; (2) the court's instruction to the jury that it could

redeliberate the case in full; and (3) its subsequent acceptance of the verdict for defendant. In a combined argument, he contends that the trial court was required to accept the jury's verdict on the first three questions and should have directed the jury to deliberate further on the amount of damages only.

We review the trial court's decision to resubmit a verdict to the jury for clarification for an abuse of discretion. *Biegler v. Kirby*, 281 Or 423, 429, 574 P2d 1127 (1978) (where jury in personal injury action initially returned verdict for plaintiff but assessed no general and special damages, trial court did not abuse discretion in resubmitting the case to the jury for further redeliberation); *see also Building Structures, Inc. v. Young*, 328 Or 100, 106, 968 P2d 1287 (1998) (where the verdict was insufficient, the party's remedy for that defect was to have the verdict "resubmitted to the jury with appropriate instruction or otherwise disposed of in the discretion of the court" (internal citation and quotation marks omitted)).

On this record, we conclude that the trial court acted well within its discretion in resubmitting the entire case to the jury for further deliberation. The confusion in this case appears to have arisen, at least in part, from the intermingling of concepts of "damage" and "damages" in the jury instructions and verdict form. As described above, the instructions and verdict form alternatively describe the elements of a negligence claim in terms of causation of "harm," causation of "injury," and causation of "damages." As we have explained, there is a conceptual difference in tort law between "damage" (or harm) and "damages":

> "Plaintiffs' argument confuses the 'damage' (singular) that they suffered and the damages (plural) that they continue to incur. In general, the term 'damage' when used in a statute refers to harm that occurs as a result of an act or omission, not to the amount necessary to make plaintiffs whole because of the harm. *See Sager v. McClenden*, 296 Or 33, 37, 672 P2d 697 (1983) ('While the word "damage" in the singular means loss, injury or harm resulting from an act or omission; when used in the plural, "damages" means "a compensation in money for a loss or damage."' (Quoting *Black's Law Dictionary*, 351 (5th ed 1979).))."

*Weston v. Camp's Lumber & Building Supply, Inc.*, 205 Or App 347, 366, 135 P3d 331, *adh'd to as modified on recons*, 206 Or App 761, 138 P3d 931 (2006), *rev dismissed as improvidently allowed*, 342 Or 665 (2007).

Had the first question on the verdict been phrased in terms of causation of "harm" or "injury" or "damage," plaintiff would have a better argument that the court should have accepted the jury's finding on that question. But that was not what it said. The jury was asked to determine whether defendant's negligence was a *cause of damages* to plaintiff. (Emphasis added.) Under the totality of the circumstances—a fact pattern and set of jury instructions that the parties and the court recognized could create confusion as to how the elements of causation, injury, damages, and fault would play through the case—the trial court correctly understood the verdict to be internally inconsistent when it indicated that plaintiff suffered damages but those damages were zero.

None of the cases cited by plaintiff suggests that, faced with this type of uncertainty regarding the jury's intended result, a trial court is required to accept a partial verdict and send the jury back to deliberate on a discrete issue. To the contrary, the proper course was to resubmit the entire claim to the jury for clarification rather than risk accepting an unintended answer by the jury. *See, e.g.*, *McNeff v. Emmert*, 260 Or App 239, 253-54, 317 P3d 363 (2013) (where the jury's verdict "was internally inconsistent with regard to whether plaintiff suffered damages," the "proper course, under the circumstances, was to resubmit the claim to the jury for clarification"); *see also Building Structures*, 328 Or at 104-06 (providing that on timely objection, a party is entitled to have the inconsistent verdict resubmitted to the jury for clarification); *Howmar Materials, Inc. v. Peterson*, 174 Or App 55, 58, 23 P3d 409 (2001), *rev den*, 334 Or 260 (2002) ("*Building Structures* establishes that, if the jury's verdict was ambiguous or even internally inconsistent, plaintiffs' remedy for that defect was to ask for clarification from the jury.").

Affirmed.