On respondent Camp's Lumber & Building Supply, Inc.'s, petition for reconsideration filed May 16, petition for reconsideration allowed; opinion (205 Or App 347, 135 P3d 331) clarified and adhered to as clarified July 12, 2006

Jay WESTON
and Helen Weston,
husband and wife,
*Appellants,*

*v.*

CAMP'S LUMBER & BUILDING SUPPLY, INC.,
an Oregon corporation;
Friesen Lumber Company,
an Oregon corporation;
Portac, Inc.,
a Delaware corporation;
and Taylor Lumber Company,
an Oregon corporation,
*Respondents,*

*and*

OREGON INSULATION SUPPLY INC.,
an Oregon corporation,
dba Exterior Systems, Inc.,
Dryvit Systems, Inc.,
a Rhode Island corporation;
Bliss Roofing, Inc.;
Weigel Decking & Remodeling;
Gary L. Thompson,
dba Portland Plastering Company;
J.D. Meyers Enterprises, Inc.,
an Oregon corporation;
Steven Brock;
and Stimson Lumber Company,
*Defendants.*

0205-05172; A123726

138 P3d 931

Gary V. Abbott, Ted Sumner, and Abbott & Prange, P. C., for petition.

Before Edmonds, Presiding Judge, and Schuman, Judge, and Wallace, Judge pro tempore.

PER CURIAM

**PER CURIAM**

Defendant Camp's Lumber & Building Supply, Inc. (Camp's) petitions for reconsideration of our decision reversing in part and remanding in part a judgment in favor of Camp's and other defendants. *Weston v. Camp's Lumber & Building Supply, Inc.*, 205 Or App 347, 135 P3d 331 (2006). We grant the petition and adhere to our previous decision.

Camp's contends that, in reversing and remanding as to plaintiffs' claim for breach of warranty, we failed to address its argument that plaintiffs' own evidence established, as a matter of law, that the alleged breach could have been discovered at the time that the lumber was sold to plaintiffs, *i.e.*, at the time of performance. Camp's relies on a sentence in the affidavit of an expert retained by plaintiffs, which stated that the "[l]umber manufactured and supplied by [the lumber defendants] was riddled with obvious signs of golden buprestid infestation (e.g., exposed larval galleries and excavations) prior to the time the lumber was sold to [plaintiffs]." That sentence, when taken in context and read in the light most favorable to plaintiffs, does not speak to whether the signs of beetle infestation would have been obvious to a consumer in plaintiffs' position—as distinguished from a person in the business of manufacturing or supplying lumber. Indeed, the following paragraph in the affidavit states that the lumber defendants had no excuse for ignoring the risks posed by the beetles, given the fact that "[i]nformation regarding identification and control of golden buprestid beetle infestation in lumber is *readily available to lumber manufacturers and suppliers* from many sources." (Emphasis added.) Thus, the affidavit of plaintiffs' expert does not carry Camp's burden to establish the absence of a material issue of fact as to whether the breach could have been discovered by plaintiffs at the time of performance.

Petition for reconsideration allowed; opinion clarified and adhered to as clarified.