Argued and submitted March 29, reversed and remanded with instructions to enter judgment consistently with the jury's verdict June 29, 2011

Vladimir ANOKHIN,
*Plaintiff-Respondent,*

*v.*

John Daniel RUBIO,
*Defendant-Appellant.*

Wasco County Circuit Court
0800037CC; A144565

267 P3d 853

Thomas M. Christ argued the cause for appellant. With him on the brief was Cosgrave Vergeer Kester LLP.

No appearance for respondent.

Before Ortega, Presiding Judge, and Sercombe, Judge, and Rosenblum, Senior Judge.

PER CURIAM

## PER CURIAM

In this personal injury action, the jury returned a verdict for plaintiff that awarded $6,558 in economic damages but no noneconomic damages. Plaintiff objected to the verdict, and the trial court instructed the jury that it could not award economic damages unless it also awarded noneconomic damages. After further deliberation, the jury returned a verdict for the same amount of economic damages and $1 in noneconomic damages. Plaintiff did not object, and the court received the verdict and discharged the jury. The court entered a judgment consistently with the verdict. Plaintiff later filed a motion for a new trial under ORCP 64 B, arguing that the verdict was not supported by the evidence, because the award of noneconomic damages was too small. The trial court agreed and granted the motion for a new trial.

Defendant appeals, arguing that, because plaintiff failed to object to the verdict before the jury was discharged, he waived any objection to the judgment. We agree. "[B]y failing to object when the jury is present, a party waives objection to the jury's failure to accompany an award of economic damages with an award of noneconomic damages." *Building Structures, Inc. v. Young*, 328 Or 100, 108, 968 P2d 1287 (1998). "Because defendants waived their objection to the verdict, they are not permitted to rely later on the same objection in seeking a new trial." *Id.* at 114. It follows that the trial court erred in granting the motion for a new trial.

Reversed and remanded with instructions to enter judgment consistently with the jury's verdict.