Argued and submitted July 27, reversed and remanded with instructions to enter a judgment that is consistent with the jury's verdict August 31, 2011

ESTATE OF MARIA REFUGIO IBARRA,
by and through Leticia Ibarra,
Personal Representative;
Jose Ibarra; Cesar Ibarra-Andrade;
Otoniel Ibarra,
by and through Samantha Ibarra as guardian ad litem;
and Pedro Ibarra,
*Plaintiffs,*
*and*

Pedro Antonio IBARRA
and Oscar Ortega-Murillo,
*Plaintiffs-Respondents,*

*v.*

Dennis Mark LILLY,
individually,
as authorized representative, registrant,
dba M. Lilly Logging,
an Oregon registered assumed business name,
*Defendant-Appellant.*

Linn County Circuit Court
091200; A146268

263 P3d 1053

John T. Kaempf argued the cause for appellant. With him on the briefs were Brooksby Kaempf PC, Kristin L. Olson, and Bullivant Houser Bailey, PC.

Craig M. Hopkins argued the cause and filed the brief for respondents.

Before Schuman, Presiding Judge, and Wollheim, Judge, and Nakamoto, Judge.

PER CURIAM

## PER CURIAM

Plaintiffs were injured when their minivan collided with defendant's log truck. A jury found that defendant's negligence had caused the accident and returned a verdict that awarded economic damages to plaintiffs. The verdict, however, did not award any noneconomic damages. Plaintiffs objected, and the court instructed the jury to further deliberate on that point. After further deliberation, the jury found that defendant's conduct had caused plaintiffs "an insignificant injury" and, for that reason, did not award any noneconomic damages.[1] The court received the verdict and discharged the jury without objection from plaintiffs.

Two weeks later, plaintiffs moved for a new trial, arguing that the jury was required to award noneconomic damages as a matter of law. Specifically, plaintiffs argued that there was insufficient evidence to support the jury's determination that plaintiffs (one of whom required a metal rod in his leg because of the accident) had suffered "insignificant" injuries. The court agreed with plaintiffs, set aside the judgment, and ordered a new trial. ORCP 64 B(5) (former judgment may be set aside and a new trial granted for "[i]nsufficiency of the evidence to justify the verdict or other decision").

Defendant now appeals, arguing that, by failing to object to the verdict before the jury was discharged, plaintiffs waived the very objection that was later the basis for their motion for a new trial. Defendant is correct. We recently addressed the same issue in *Anokhin v. Rubio*, 244 Or App 133, 134, 267 P3d 853 (2011), another case in which a jury initially awarded economic damages but no noneconomic damages. The plaintiff objected to the verdict, and the court instructed the jury that it could not award economic damages unless it also awarded noneconomic damages. After further

---

[1] Plaintiffs had requested, and the court had given, Uniform Civil Jury Instruction 70.19, which states, in part:

"Your verdict awards economic damages, but does not award noneconomic damages. This is lawful only if you find that the defendant's conduct caused the plaintiff an insignificant injury. If you find that the defendant's conduct caused the plaintiff a substantial injury, however, then you must award a reasonable amount of noneconomic damages."

deliberation, the jury awarded the plaintiff $1 in noneconomic damages. The plaintiff did not object at that point, and the court received the verdict and discharged the jury. The plaintiff subsequently filed a motion for a new trial, arguing that the verdict was not supported by the evidence; the trial court agreed and granted the motion. We reversed:

> " '[B]y failing to object when the jury is present, a party waives objection to the jury's failure to accompany an award of economic damages with an award of noneconomic damages.' *Building Structures, Inc. v. Young*, 328 Or 100, 108, 968 P2d 1287 (1998). 'Because defendants waived their objection to the verdict, they are not permitted to rely later on the same objection in seeking a new trial.' *Id.* at 114. It follows that the trial court erred in granting the motion for a new trial."

244 Or App at 134. The same is true here.

Reversed and remanded with instructions to enter a judgment that is consistent with the jury's verdict.