130

Argued and submitted March 6, affirmed April 2, 2014

Katherine CROGHAN,
*Plaintiff-Respondent,*

*v.*

DON'S DUGOUT, LLC,
an Oregon corporation, dba Don's Dugout;
and Don R. Douglas,
*Defendants-Appellants.*

Multnomah County Circuit Court
100812033; A151154

325 P3d 38

William J. Macke argued the cause and filed the briefs for appellants.

R. Kyle Busse argued the cause for respondent. With him on the brief was Busse & Hunt.

Before Duncan, Presiding Judge, and Wollheim, Judge, and Lagesen, Judge.

LAGESEN, J.

## LAGESEN, J.

Plaintiff Katherine Croghan sued her former employer, defendant Don's Dugout, LLC, and its owner, defendant Don R. Douglas, alleging claims of wrongful discharge, discrimination/retaliation, and battery. The jury returned a verdict in which it found for plaintiff on the discrimination/retaliation and battery claims, but found for defendants on the wrongful discharge claim. On appeal, defendants assert that the verdict was inconsistent with respect to the discrimination/retaliation and wrongful discharge claims, and that the trial court erred by accepting it. We conclude that defendants waived their challenge to the verdict, because they failed to employ the procedure set forth in ORCP 59 G(4) for remedying an allegedly inconsistent verdict.[1] Accordingly, we affirm.

The Oregon appellate courts long have held that a party that believes a verdict is inconsistent must (a) object to the verdict before the verdict is received and the jury is discharged; *and* (b) request that the matter be returned to the jury for clarification under ORCP 59 G(4).[2] *Building Structures, Inc. v. Young*, 328 Or 100, 113-14, 968 P2d 1287 (1998); *Mullins v. Rowe et ux*, 222 Or 519, 524, 353 P2d 861 (1960) (decided under statutory predecessor to ORCP 59 G(4)); *Howmar Materials, Inc. v. Peterson*, 174 Or App 55, 58, 23 P3d 409 (2001), *rev den*, 334 Or 260 (2002) (*"Building Structures* establishes that, if the jury's verdict was ambiguous or even internally inconsistent, plaintiffs' remedy for that defect was to ask for clarification from the jury."); *see also McNeff v. Emmert*, 260 Or App 239, 253-54, 253 n 8, 317 P3d 363 (2013) (in reviewing and reversing on claim that verdict was inconsistent, noting that, "[i]n *Building Structures*, the defendant waived any objection to the inconsistency by not asking * * * that the matter be sent back to the jury for clarification"). The rationale for requiring a litigant to employ the ORCP 59 G(4) procedure is straightforward. The procedure averts "the needless retrial of cases,

---

[1] We express no opinion on whether the verdict was inconsistent.

[2] ORCP 59 G(4) states that, "[i]f the verdict is informal or insufficient, it may be corrected by the jury under the advice of the court, or the jury may be required to deliberate further."

with the attendant burdens to litigants and the justice system of greater delay and expense." *Building Structures*, 328 Or at 113 (citing *Fischer v. Howard*, 201 Or 426, 454, 271 P2d 1059 (1954)).

Here, defendants did not challenge the jury's verdict under ORCP 59 G(4). Instead of requesting that the matter be resubmitted to the jury for clarification, defendants expressly told the trial court that there was nothing else that they needed from the jury. It was only after defendants indicated to the court that the jury could be discharged that they moved for a mistrial on the basis that the verdict was inconsistent, asserting:

> "We believe that based on the questions that were submitted by the jury and their inconsistent verdicts on the first and second counts, that there is no way that they could have properly reached this verdict."

Although the trial court had not yet discharged the jury at the time that defendants moved for a mistrial—thus creating the opportunity for defendants to correct course and invoke ORCP 59 G(4)—defendants did not retract their earlier representation that they had nothing more for the jury, or otherwise alert the court that the jury's service might be required to clarify the verdict. Instead, defendants stood by silently as the court discharged the jury. In so doing, defendants forfeited their ability to invoke the one proper way to remedy an allegedly inconsistent verdict—the ORCP 59 G(4) procedure—and waived their ability to challenge the sufficiency of the verdict on appeal.

Affirmed.